EasternDis'ct
*April*, 1827.

MILLER
*vs.*
BERMUDEZ

---

### OWENS vs. MITCHELL

APPEAL from the court of probates of the parish of New Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiff demands the estate of Carrol; alleging that she is his sister, and believes herself to be the only heir. This was denied by the defendants. The judge

Collateral kindred claiming an estate, are bound to shew the lineal heirs have ceased to exist.

of probates directed the estate to be provisionally delivered to her, on her giving security to account with any other heirs of Carrol, or whoever might be therein concerned. The defendant appealed.

The testimony shews, that Carrol left no descendant, and that the plaintiff is his sister.

We are of opinion this does not suffice. Every one had once relations in the ascending line, and his collateral kindred claiming, the estate, are bound to shew that the lineal heirs have ceased to exist. *Hooker's heirs* vs. *Tippet's,* 12 *Martin,* 390.

It suffices to deny that there are heirs in the descending line, and this being a negative fact, no proof need be given of it. It is for the adverse party to show that there were some; and then their death must be proved by the claimants. But collaterals must always prove the death of ascendants by evidence, or shew that one hundred years elapsed since the birth; in which case death is presumed, and not before.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed,

and that the defendant have judgment as in case of non-suit, and that the plaintiff pay costs inboth courts.

*Hoffman* for the plaintiff, *Preston* for the defendant.