(117 So. 772)

No. 29198.

### Succession of McCAY.

June 4, 1928. Rehearing Denied July 2, 1928.

Donelson Caffery, J. B. Leigh, Mrs. Anna McCay Ellis, and Paul A. Sompayrac, all of New Orleans, for appellants Mrs. Lizzie Seward, Georgine L. McCay, and Edith McCay.

Monroe & Lemann, of New Orleans, for appellee Leverich.

LAND, J. This is a suit brought by two sisters and a niece of Mrs. Mary L. Schaffter to revoke the probate of her will, and of the first codicil thereto, which are olographic in form.

After making a number of bequests and legacies, the testatrix appointed Watts K. Leverich as testamentary executor, and made him her residuary legatee.

The demand of the contestants was rejected in the lower court and they have appealed.

The ground of attack made upon the will and the codicil is that they "were not written, dated, and signed by the alleged testatrix as required by law."

Appellants do not charge that either the will or the codicil has been forged in any of its parts. It is admitted that the figure "5" was superimposed by the testatrix upon the last figure of the year date.

Contestants contend that the will and codicil are null and void, because of the uncertainty of the year date, as such date, in their opinion, may be read 1923 equally as well as 1925.

The French authorities are in accord as to the proposition that the uncertainty of date of a will vitiates it, as the object of the law in requiring the date to a testament is to fix the exact time of its confection, and there is no difference between an uncertain date and an omitted date. Merlin, vo. "Testament," vol. 2, par 1, art. 6; Demolombe, Donations and Testaments, vol. 21, No. 85; Carpentier and Du Saint, vo. "Testament," No. 478.

█ On the other hand, it is well settled that the olographic will which shows the date, the month, and the year of its making in surcharged figures is valid, if those figures permit the exact date to be seen and recognized with certainty.

In Succession of Lefort, 139 La. 83, 71 So. 237, Ann. Cas. 1917E, 769, it is said:

"It does not follow that because a date has been overcharged or surcharged, or other figures superimposed upon it, it destroys the date, or makes it fatally uncertain.

"The law in relation to overcharge and erasures is the same. 10 Baudry, § 1910, p. ——:

" 'Overcharges written by the testator are valid.' 7 Aubry, p. 105, § 668.

"16 Dalloz puts it thus, in same volume, page 759, No. 2661: 'Would the date become uncertain by the mere fact that it would present surcharges? Surcharges, in the date, would annul a notarial testament; but it is not the case with olographic testaments, concerning which we must admit a distinction. If the date is surcharged in such a manner as to indicate two different days, two different years, so that we cannot see what is the veritable date, the uncertainty will carry with it the nullity of the will. If the surcharge permits one to read distinctly the date surcharged, the act must, according to us, remain valid.' Authorities.

" "See, also, 10 Baudry-Lacantinerie, p. 52, No. 1936, p. 362, No. 1960; 21 Demol. (4 Don. et Test.) Nos. 86, 131, 139; 5 Toull., No. 367, p. 342; 13 Laurent, § 190, p. 202; 9 Donation Nos. 28, 29, 37–3. Trop. No. 1474–1482; 33 Merlin, p. 356, No. IX; 1 Grenier on Donations, p. 501, No. 228 (Sept.) 228 bis p. 486."

In addition to these authorities, we find the following citation in Fuzier-Herman's Code Civil Annotte, Annotation No. 265 to article 970, C. P.:

"Jugé aussi: Que la date convertie par une surcharge en une date postérieure peut etre déclarée valable quant a cette dernière date. Civ. r. 15 Juill. 1846. D. P. 46, 1, 342."

The last citation removes any doubt as to the validity of a will postdated by the testator through a surcharge, if the date surcharged may be read distinctly and distinguished as the true date of the confection of the will.

While not agreeing with that part of the decision in Succession of Lefort that holds that extrinsic evidence may be resorted to in order to ascertain *the intention* of the testator as to the date, we accept as correctly stated, and approve the French jurisprudence therein reviewed, in so far as the general law relative to surcharges is concerned. Fuzier-Herman's Annotations to article 970, C. N. Nos. 88, 149, 280, and 281; Succession of Dyer, 155 La. 265, 99 So. 214; Succession of Armant, 43 La. Ann. 310, 9 So. 50, 26 Am. St. Rep. 183; In re Poland's Estate, 137 La. 219, 68 So. 415.

█ The above authorities make it clear that extrinsic evidence as to date cannot be received. Neither a superscription of date on an envelope containing an olographic will, nor dispositions made in the will itself, can be resorted to as showing the intention of the testator as to date, if omitted from or not clearly appearing on the face of the testament.

█ This rule, however, cannot be applied to the testimony of the handwriting experts, objected to and received on the trial of the case, for the reason that such testimony is not properly expert testimony, nor is it properly extrinsic evidence. The testimony of the handwriting experts adduced in the case went no further than the mere statement that the year date of the will and of the codicil, as it appears upon the face of the two instruments, is plainly 1925.

The question of comparison of handwriting was not gone into, as it is admitted that the

surcharged "5," written over the last figure of the year date, was placed there by the testatrix. The testimony of the experts merely demonstrates the clearness of the date upon the face of the two instruments, a fact that may be readily ascertained by a nonexpert witness upon simple inspection.

In fact, upon first view of the will and of the codicil, it is immediately apparent that the precise year date is 1925. This is the true test.

In the codicil, the last figure of the year date is so obliterated as not to be readily distinguishable by the naked eye. In the year date of the will, the upper part of the last figure, possibly a "3," remains visible, while the lower part has been covered up by that of the surcharged figure "5," which is broader and much darker in shade than the upper or exposed part of the last figure of the year date, as written in the will the first time by the testatrix.

This is not a case where the figure is surcharged in such a manner as to indicate two different year dates, equally plain and visible upon inspection. The surcharged "5" is clear, distinct, and outstanding, while the figure beneath is much lighter in shade, and is so obliterated as to indicate only that there was some figure changed in the original date as written by the decedent.

Judgment affirmed.