Mrs. Belle W. Sanders, surviving widow of Dr. H.J. Sanders, deceased, died testate on January 3, 1930. She left no forced heirs. Her legal presumptive heirs are the children and grand children of her predeceased brothers and sister. Her will, with a codicil attached thereto, both in the olographic form, was submitted for probate on January 18, 1930. The will is dated July 1, 1927, and the codicil is dated September 6, 1928. The will and codicil were probated, registered, recorded, and ordered executed according to the terms and provisions thereof, and Elward Wright, one of the executors named in the will, was duly qualified as the executor. Thereafter, on March 22, 1930, Mrs. Elizabeth Bocage Freeman, wife of William Freeman, a legal presumptive heir of the deceased, filed an action in nullity, in which the executor and all other legal presumptive heirs of the testatrix are cited as defendants. In this suit all of the declarations appearing on the fourth page of the will are attacked, upon the theory that these declarations were written subsequent to the confection of the will, and are void for want of a date. The disputed declarations are as follows:
"I appoint Edna Shaffer Webb and Elward T. Wright Executrix and Executor of my last will —.
"In event any of my loss in Peoples Bank Trust Company be recovered I wish twenty five per ct. to be proportioned as follows:
"Mary Francis Shaffer 500
"Margeret Shaffer Connley 500
"Mrs. J.L. Caldwell 1000.00
"Am. Red Cross 500.00
"If there is anything left after these bequests let it be divided equally as follows *Page 566 
Eloise M. Weathers Edna Shaffer Webb — Isabel Shaffer Louis Elizabeth Shaffer
"Belle W. Sanders."
The executor excepted to the action of nullity upon the ground that the petition did not disclose a cause of action, and this appeal is from a judgment sustaining that exception and dismissing the suit at the plaintiff's cost.
We have the will, and the codicil dated September 6, 1928, and attached to the will, before us in the original. It is admitted that this codicil is legal in all respects. It is pasted at the bottom of the third page of the will instead of at the bottom of the fourth and last page thereof. Attaching the codicil to the third page of the will apparently furnishes the basis for this suit.
The learned trial judge reached the conclusion that the declarations on the disputed page of the will were written at the same time, and was a continued picturing of the will of the testatrix and of her then active purpose and intent, and were designed by her to be read and considered as an expression of her wishes. He also reached the conclusion that the declarations and bequests appearing on the last and disputed page of the will were not affected by the failure of the testatrix to repeat the date thereon.
We find that the intention of the testatrix is made to appear with reasonable certainty. The will is written on four pages of legal cap paper. The same ink appears to have been used for the confession of the entire instrument. The different clauses of the will appear to be congruous and continuous, and to be parts of a last will and testament. The testatrix continuously preserved the page of the will, which is attacked in this proceeding, as a part of her will, and fourteen months subsequent to the date of her will she refers to that instrument as a completed whole. The *Page 567 
codicil, dated September 6, 1928, begins with the following words:
"I wish to make some changes in my will of July 1st, 1927."
Inasmuch as this codicil is dated, it may be fairly assumed that the testatrix knew that a valid codicil to a will must be dated.
After a careful and exhaustive consideration of the record and a review of all the authorities cited by counsel, the trial judge summed up his conclusions as follows:
"All of which rather reinforces the idea that instead of regarding the matter on the disputed page as constituting a codicil, she wrote it at the same time along with the first three pages as part and parcel of her last will — never thinking that it would be regarded as a codicil — after she had overlooked including the subject matter before writing her signature for the first time. So regarding it, probably accounts for the absence of a date thereon. It certainly could have been done in that way, and there is no proof that it was not.
"The court finds that plaintiff's conclusions of law are not sound, as applied to the appearance of this document, and it must take cognizance thereof in considering the exception of no cause of action."
We find that the record supports the trial judge's conclusions of fact, and we concur in his finding that plaintiff's conclusions of law, as applied to the appearance of the document attacked in this suit, are not sound.
The plaintiff cites, in support of her contentions, La Grave v. Merle, 5 La. Ann. 278, 52 Am. Dec. 589; Succession of McCay,166 La. 681, 117 So. 772, and C.C. art. 1588. *Page 568 
The only codal requirements for the validity of an olographic will are that the instrument must be entirely written, dated, and signed by the testator. In Succession of McCay, the will was attacked for uncertainty of its year date. In that case we held that an olographic will, showing date of its making in surcharged figures, is valid, where figures permit exact date to be seen and recognized with certainty. In the La Grave Case, the facts are exactly the same as we have found them to be in this case. The court held there as follows:
"Where an olographic will was dated at the commencement, and after making various dispositions was signed by the testator, and he subsequently added another clause and again signed it, the instrument appearing to be congruous and continuous, it will be presumed, in the absence of proof to the contrary, that it was finished at one time, and is clothed with the forms required for its validity."
Counsel for plaintiff admits that the principles announced in the La Grave-Merle Case are controlling in the case at bar. (Plaintiff's Brief, p. 4.)
In the case of Zerega v. Percival, 46 La. Ann. 590, 15 So. 476, the court, at page 605 of the opinion (15 So. 480), cites the La Grave-Merle Case with approval.
We think that the principles announced in the La Grave-Merle Case, and approved in later decisions of this court, fix the jurisprudence of Louisiana in relation thereto, and are conclusive as to the merits of the defendant's exception of no cause of action.
For the reasons stated, the judgment appealed from is affirmed, at appellant's cost. *Page 569