(135 So. 19)

### Succession of KRON.

No. 30738.

April 27, 1931.

Rehearing Denied May 25, 1931.

M. C. Scharff, of New Orleans, for appellant.

James J. Landry and Sanders, Baldwin, Viosca & Haspel, all of New Orleans, for appellees.

ODOM, J.

Edward G. Kron died on January 25, 1927, leaving the following instrument purporting to be his last will and testament in olographic form:

"New Orleans January 11th/27.

"I hereby will to Philip McCallum five thousand dollars and the property 1146 Magazine, the inheritance tax to be paid out of the estate, the balance of my estate or the residue to be divided equally among my three cousins Maggie Roggenkamp & John Halpin & Robert Halpin.

"[Signed]  E. G. Kron."

Mrs. Margaret Custer, the wife of Charles Roggenkamp, and John Halpin, who allege that they are two of the three sole heirs at law of the deceased, attacked this will on several grounds, one of which is that it is void for want of a sufficient date. The lower court, without passing on any of the other alleged grounds of nullity, held that the instrument "is no will and testament for want of any legal date."

The tutor ad hoc of the minor Philip McCallum, special legatee under the will, appealed from the judgment.

The sole question before the court is whether "January 11th/27" is a legal and sufficient date for an olographic will under article 1588 of the Civil Code, which reads as follows:

"Art. 1588 (1581). The olographic testament is that which is written by the testator himself.

"In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State."

The contention of counsel for appellee is stated in their brief as follows:

"The case involves the question of the certainty of the date of an olographic will. The date was written thus 'January 11th/27.' We contend that the date is uncertain because there is nothing to indicate the century in which the will was written."

■ This court has repeatedly and consistently applied the rule of strict interpretation to wills. It has never departed from the rule laid down in the Code, that an olographic will, to be valid, must be entirely written, dated, and signed by the hand of the testator. The date is a vital, essential part of a will. If there be uncertainty as to its date, a will is void. The date must be so written by the testator as to leave no room for doubt or speculation. The reasons for this are numerous and manifest. We have held that if the date of an olographic will is not entirely written by the testator, that if there is an omission of the day, month, or year, or if the words or figures used to express the date are not plain or are so arranged as to leave room for doubt or speculation as to the exact date meant to be written by the testator, the will is void for want of a sufficient date.

But we do not sanction the holding of the lower court that this is "no will and testament for want of any legal date."

The date is written as follows: "January 11th/27." The month and the day of the month are as certain as they could be written. The only criticism of the entire date is that there is nothing to indicate the century in which the instrument was written.

The figure "2" and the figure "7," written together, "27," following the day of the month and separated by a slanting line from the other part of the date, were placed there by the writer for some purpose, and were unquestionably intended to be a part of the date of the instrument. The writer having clearly written the month and the day of the month, could have written "27" for no other purpose than to complete the date by indicating the year of the century, the decade, in which the testament was made. We do not

understand that it is contended that those figures were written by chance or were in fact used for any other purpose than to express the year of the century or decade in which the will was written. So that the words and figures used to express the date make it certain that the instrument was written on the eleventh day of the month of January in the twenty-seventh year of some century.

But it is suggested that there is uncertainty, room for doubt and speculation, as to whether the instrument was written in this or the previous century, in 1927 or 1827. Counsel in brief say: "How could anyone know in the instant case whether the will was dated in 1927 or 1827."

█ The answer is found in the law itself. After the lapse of one hundred years from the date of a person's birth, he is presumed to be dead. That is a legal presumption, "a maxim consecrated by the best authorities." C. C. art. 70; Hayes v. Berwick, 2 Mart. (O. S.) 140, 5 Am. Dec. 727; Owens v. Mitchell, 5 Mart. (N. S.) 667; Martinez v. Succession of Vives, 32 La. Ann. 305; Rachel v. Jones et al., 34 La. Ann. 108; Willett v. Andrews et al., 51 La. Ann. 486, 25 So. 391; Succession of Herdman, 154 La. 477, 97 So. 664.

█ The death of a person being presumed, as a matter of law, after the lapse of one hundred years from the date of his birth, it may likewise be presumed that he was born not more than one hundred years previous to the date of his death. If this will was dated in the month of January, 1827, the testator was more than one hundred years old when he died, for he could not have made the will the day he was born. Applying this legal presumption, we know therefore as a matter of law, that this will was not made in the twenty-seventh year of the century preceding the present one.

Aside from this, however, there is nothing ambiguous or uncertain about the date of this will. The thought and intention of the testator in writing the date as he did cannot be misunderstood. It is written in accordance with the present-day custom, one commonly and generally used and universally understood. The practice and custom of designating the year by writing the last two figures of its number and omitting the figures designating the century is so common and well understood that it would be difficult, we imagine, to find any one who would not readily say, upon looking at this will, that it was written on January 11, 1927.

In support of their contention that this will is void for want of a certain legal date, counsel cite and rely upon three cases, Succession of Beird, 145 La. 756, 82 So. 881, 6 A. L. R. 1452; Heffner v. Heffner, 48 La. Ann. 1088, 20 So. 281, and Succession of Robertson, 49 La. Ann. 868, 21 So. 586, 62 Am. St. Rep. 672.

In the Beird Case, the date was written thus: "9/8/18." The date was held to be uncertain, ambiguous, the court saying:

"While it is true the custom prevails and is in daily use of dating letters by the use of figures alone to represent the day, month, and year, at the same time there is almost as much variance in the order in which the month and day is written as there is in the use of words and figures. Some write the month first and the day of the month next, while others write the day first and the month second, and in a case like the present, where both the figures intended to represent the day and the month are less than thirteen, under this well-recognized variance, it is impossible to tell whether the deceased intended to write September 8th, or the 9th of August."

It being "impossible to tell whether the deceased intended to write September 8th or the

9th of August," the court could not do otherwise than declare the will invalid for want of a certain date.

We note that in the Beird Case, the court apparently held that letters or figures should be used to designate the century in which the will was written. It cited, in support of its conclusion in this respect, the Robertson Case, supra, where the date appeared thus: "New Orleans, 12th Decr. 1892." The will was written on a letterhead with the words "New Orleans" and the figures "189" printed. The testator, in order to complete the date, wrote the figure "2" after the figures "189," making the date "December 12, 1892." The court held that the will had no legal date because the figures "189" were printed and not written by the hand of the testator.

The court said in the Beird Case that if it be permissible to omit the figures denoting the century in the date of a will, "in the Robertson Case, it could easily have been said that the printed figures in the year of the date of the will, under the article of the Code just quoted from [C. C., Art. 1589], should be treated as not written, and that a sufficient date would have still remained."

While we have the very highest respect for the learned justice who was the organ of the court in the Beird Case, it seems to us that his reasoning in this respect is open to some criticism. If the printed figures in the year of the date in the Robertson Case had been treated as not written, a sufficient date would not have remained, because the date would then have appeared, "December 12, 2," which could mean December 12, 1892, 1882, 1872, 1862. or any other year ending with the figure

"2" during the century in which the testator was presumed to have lived. In such case, there would be uncertainty, room for doubt and speculation as to what year was intended. It would have been altogether different, however, if only the figures "1" and "8" had been printed and the figures "9" and "2" written by the testator, for then if the printed figures had been considered as not written, the date would have appeared "December 12, 92." In the latter case, there would be no doubt that the will was written in the ninety-second year of the century, and not in the eighty-second or the seventy-second year, or in any other year ending with the figure "2."

In the case of Heffner v. Heffner, supra, the date was written thus: "Written dated and signed in my own handwriting on this ——— day of June 1893." The will was held to be invalid for lack of date, the court saying: "The date, in its ordinary sense, imports the day of the month, the month, and the year."

The date of the will in the case at bar is certain and therefore legal. It follows that the judgment of the lower court must be reversed. However, as the will was attacked on various other grounds which were not considered by the lower court and which are not before us, the case must be remanded for trial on those issues.

It is therefore ordered and decreed that the judgment appealed- from be reversed and set aside, and further ordered that the case be remanded for trial on the issues raised but not passed upon, costs of this appeal to be paid by the appellee, all other costs to await the final results.