BRUNOT, J.
 

 America Caro died testate, leaving no forced heirs. Two olographic wills bearing the same date were presented for probate. In one of the wills the testatrix disposed of a part of her estate and in the other she disposed of the remainder of her estate. The wills were probated, a dative testamentary executor was regularly appointed, qualified, and administered the estate. Pending the payment of the legacies bequeathed by the testatrix and the •disposal of the residue of the fund realized from the sale of the property, the collateral heirs of the deceased attacked the validity of the wills on the ground that neither will shows “on its face the day, month, year and century when executed.”
 

 The trial judge upheld this contention, declared the wills null and void, and the testamentary executor appealed.
 

 Both wills are dated as follows:
 

 “Lafayette, La. March 26/25.”
 

 The judgment appealed - from in this case was rendered in 1930, before the decisions in Successions of ICron and Wenling were handed down by this court. In Succession of Kron, 172 La. 666, 135 So. 19, the will bore the following date: “January llth/27.” In Succession of Wenling, 172 La. 673, 135 So. 21, 22, the will was dated “Jan. 18/28.” In each of the cited cases we held that the month, the day of the month, and the year of the eem tury in which the will was written are certain, and, as to the century, we applied the legal presumption of death after the lapse of one hundred years from the testator’s birth. The cited cases are decisive of this case.
 

 For the reasons stated, the judgment appealed from is reversed, and it is now decreed that the appellees’ demands be' rejected at their cost.