Succession of LASSEIGNE.

No. 1853.

Court of Appeal of Louisiana. First Circuit.

June 14, 1938.

Elton A. Darsey, of Houma, for appellants.

Howell & Deramee, of Thibodaux, for appellee.

OTT, Judge.

A. C. Lasseigne died on the 9th day of January, 1935, leaving an instrument purporting to be an olographic will in the following form, to wit:

"Houma Louisiana
"12.10.1934

"This is my last will and Testament. I revoke all other wills. I will and bequeath to Mr and Mrs A. D. Martin all of the property real and personal which I may die possessed of. I name them executors of my last will and testament, with seizen and without security. "A. C. Lasseigne."

On the application of the named legatees, this instrument was admitted to probate on the 29th day of July, 1935, and letters were issued to Mr. and Mrs. Martin as executors of the will. An inventory was made of the property belonging to the succession in the Parish of Terrebonne, which inventory shows a valuation of this property of $626.65.

On March 16, 1937, Nettie Hotard, wife of Walter Champagne, and six other Hotard heirs filed a petition in the succession proceedings in which they claim to be the legal heirs of the deceased and ask that the purported will be decreed invalid because of an insufficient and uncertain date, and that they be recognized as the sole and only heirs of the deceased, and as such, that they be sent into possession of the succession property. After the filing of an answer by Mr. and Mrs. Martin, an agreed statement of facts was entered into by the attorneys, admitting that these opponents are the legal heirs of the deceased. By this agreement, the sole issue presented is the validity vel non of the probated instrument as an olographic will. The trial judge sustained the validity of the will and dismissed the petition of the legal heirs, and they have appealed.

Mr. and Mrs. Martin, the executors and legatees under the will, filed a motion in this court to dismiss the appeal on the ground that, as the value of the succession exceeds $500, under Article 1049 of the Code of Practice, the appeal should be carried directly to the Supreme Court. This article of the Code of Practice is now inoperative insofar as it directs that appeals in probate matters shall be carried directly to the Supreme Court when the amount in dispute exceeds five hundred dollars, as Article 7, Section 10, of the present Constitution confers appellate jurisdiction on the Supreme Court in civil and probate matters only in those cases where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, exceeds two thousand dollars, exclusive of interest, and the Courts of Appeal are given appellate jurisdiction in such matters where the amount in dispute or fund to be distributed does not exceed two thousand dollars in value. Constitution, Article 7, Section 29. The motion to dismiss is therefore overruled.

To be valid, an olographic will must be entirely written, dated and signed by the hand of the testator. Civil Code, Art. 1588. Not only must the will be *dated* in the handwriting of the testator, but the date must be certain, and in order, that there may be no doubt as to the date on which the will is confected, the day, month and year must be given. Moreover, the sufficiency of the date must be determined from the will, and any evidence aliunde the will itself cannot be admitted to prove a correct date, or to interpret the date given in the will. Heffner et al. v. Heffner, Ex'r, 48 La.Ann. 1088, 20 So. 281.

The sole attack on the will in this case is based on the ground that the figures used for the day and the month are uncertain; that the figures "12.10" may mean December 10th, or they may mean 12th of October; that is, if the testator used these figures in giving the month first and the day second, as is the custom in many places and among many people, then the date of the will is December 10th, 1934; but, if he used these figures to give the day first and the month second, as is the custom among some people, especially the French, then the date of the will is the 12th of October, 1934.

The opponents of the will rely exclusively on the decision of the Supreme Court in the Succession of Beird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452, where an olographic will dated "9/8/18" was held invalid for uncertainty in its date. The court there said:

"While it is true the custom prevails and is in daily use of dating letters by the use of figures alone to represent the day, month, and year, at the same time there is almost as much variance in the order in which the month and day is written as there is in the use of words and figures. Some write the month first and the day of the month next, while others write the day first and the month second, and in a case like the present, where both the figures intended to represent the day and the month are less than thirteen, under this well-recognized variance, it is impossible to tell whether the deceased intended to write September 8th, or the 9th of August. If we are to take cognizance of the custom of using figures or abbreviations in writing dates, we are equally bound to take cognizance of the well-recognized variance in the methods of using that custom."

In the Beird Case the Supreme Court also held that the year in which the will was written could not be determined with certainty as the figures "18" did not show the century—whether 1818 or 1918. However in a subsequent decision, Succession of Kron, 172 La. 666, 135 So. 19, the court modified its ruling insofar as the designation of the century and decade is concerned. As a person is presumed to be dead after the lapse of one hundred years from the date of his birth, it follows that the designation of the century and decade by the figures/27 where the testator died during or after the twenty-seventh year of the nineteenth century, it would have been legally impossible for him to have written his will in 1827. But the same reason that makes the century and decade legally certain in such a case does not apply in the case of figures used to designate the day and the month where these figures are below 13. Nor do we understand that the Supreme Court in the Succession of Kron intended to modify or change in any way its ruling in the Beird Case insofar as the use of figures to designate the day and month is concerned, but, on the contrary, it approved and re-affirmed its former ruling on this point as will be seen from the following extract taken from the Succession of Kron in discussing the Beird Case on this point (page 20):

"It being 'impossible to tell whether the deceased intended to write September 8th or the 9th of August,' *the court could not do otherwise than declare the will invalid for want of a certain date.*" (Italicized words ours.)

It is thus fair to assume from the above quoted language of the court that if the date of the day and the month in the will in the Kron Case had been designated only by figures, the court would have followed the Beird Case and annulled the will, but as the day and month in the Kron will were designated as "January 11th" the court held this to be sufficiently certain. So we find the court putting its stamp of approval on the ruling in the Beird Case on the point here involved as late as 1931, just a little more than three years before the will in this case was written.

The learned trial judge in his elaborate reasons for judgment enters into an interesting discussion as to the correctness of the decision in the Beird Case, from

which we infer that he is rather hopeful that the Supreme Court will reverse that case on the point here at issue. But the reversal of that case, if it is to be reversed, rests with the highest court of the state, and, regardless of our opinion as to the soundness of that decision, we have no option but to follow it.

Furthermore, the learned trial judge enters into a lengthy discussion in an effort to show that whatever the custom might have been in 1919, as found by the court in the Beird Case, with reference to the difference in the methods used in designating the day and month by figures, that custom has since changed, so that now it may be said to be almost a uniform custom to write on the date line the figure designating the month first and the figure designating the day second—thus 12/10/1934 for December 10th, 1934. But we hardly see how the custom could change in so short a time, if, indeed, there has been any change, which we seriously doubt. In our opinion the reasoning in the Beird Case applies with equal force now as it did at the time it was decided.

The conclusion we have reached necessitates a reversal of the judgment and annulment of the will, together with all proceedings had thereunder, and, as opponents are admitted to be the legal heirs of the deceased, they are entitled to be recognized as such. But as it does not appear that any proceedings have been taken to declare the succession free from any inheritance tax, and as the record does not show what disposition, if any, the executors have made of the estate, the right of the legal heirs to be sent into possession and ask for an accounting from the executors will be reserved.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby annulled and reversed; and it is now ordered that the will admitted to probate and purporting to be the last will and testament of the deceased, A. C. Lasseigne, be and the same· is hereby declared invalid and of no effect, and all proceedings had thereunder are hereby vacated and set aside; and it is now ordered that the heirs of the deceased named in the petition to set aside the will be and they are hereby recognized as the sole and only heirs of the deceased and as such entitled to be placed in possession of his property in the proportions set out in their petition; that the right of these heirs to take appropriate proceedings to be placed in possession of the property of the succession and to demand an accounting from the executors and legatees under the will, Mr. and Mrs. A. D. Martin, be and the same is hereby reserved; that all cost of this proceeding be paid by said Mr. and Mrs. A. D. Martin.