HAMITER, Justice.
 

 Lilian Bell Reynolds, a femme sole, died in the City of New Orleans, wherein she maintained her domicile, on January 25, 1952. Several months prior thereto she had deposited with Frank B. Wood a document purportedly constituting her holographic last will and testament in which he was appointed her testamentary executor.
 

 On the. petition of Frank B. Wood the mentioned document was, on January 28, 1952, probated and ordered executed as decedent’s last will and testament, and such petitioner was confirmed as the testamentary executor. Immediately thereafter he commenced a regular administration of the estate.
 

 On April 7, 1952 five collateral heirs of the decedent instituted the instant suit in which they seek to have the probated olographic will declared a nullity on the sole ground that its date is uncertain. To the action Frank B. Wood, the testamentary executor and principal defendant, first tendered exceptions of want of interest and of no right and no cause of action, all of which were referred to the merits. He then answered, averring the validity of the will and praying mainly that plaintiffs’ de7; mands.be rejected. ..
 

 While the trial- of the merits was -in-progress all of decedent’s collateral -relav; tives in the nearest degree were joined as parties plaintiff, and all legatees under the probated will were made parties defendant. Additionally, during such hearing, there was introduced and filed in evidence certain documents purporting to be three former olographic wills of decedent that were never offered for probate, one having been particularly designated as “Wood No. 3”.
 

 Following' the trial the- court rendered: a judgment, which, in so far as is pertinent, to this discussion, annulled and set aside, the will probated on January. 28, 1952 and, further, admitted to probate and probated the purported former will designated as, “Wood No. 3”. . . •
 

 Both sides appealed, the defendants' assigning error to the court’s failure to dismiss plaintiffs’ demands on the exception of want of interest and, additionally, to its-decreeing an annullment of the will probated on January 28, 1952. Plaintiffs, on the other hand, primarily complain of that part of the judgment which admitted to probate and probated, as the decedent’s last will and testament, the document designated “Wood No. 3”. ^
 

 
 *980
 
 It is not disputed, in fact all parties concede,, that the will probated on January-28, 1952 and attacked herein was entirely written and was signed by the hand of the testatrix. The important question before the court for determination, therefore, is whether or not its date is uncertain, as plaintiffs allege.
 

 Written in ink, each of the four pages of the assailed will is numbered at the top, all numbers being spelled out. In the upper right hand corner of the first page appears “New Orleans, La.”, and immediately beneath that notation is the date forming the basis of this attack and about which plaintiffs allege: “The above mentioned purported last will and testament of the decedent is invalid as an olographic testament as a matter of form, because of the uncertainty of its date; the said uncertainty of its date being the fact that the will was originally dated August 3, 1945, and the decedent has written, by superimposition, the numeral 8, over the numeral 5 of the year, without obliterating the numeral 5.” With respect to this allegation defense counsel, during the course of the trial, stated: “Plaintiffs allege in the petition that the 8 was superimposed on the 5 by the decedent and we have conceded that point.” „
 

 Following the alleged uncertain date, and contained on the four pages of the probated document, are many paragraphs in which the testatrix declared her will and wishes, they including appointment of Frank B. Wood as testamentary executor (so provided for on the first page), directing the sale of certain real and personal properties, making of numerous particular bequests, and naming the said Wood as residuary legatee. The last mentioned provision is found on the fourth or final page of the will, immediately preceding the concluding words: “This document has been written dated and signed by me on this third of August, one thousand nine hundred forty five Lilian Bell Reynolds.”
 

 In support of the contention of plaintiffs that the will is uncertain of date and must fail, because of decedent’s having superimposed the numeral 8 over the numeral 5 of the year portion at the beginning of the document, their counsel rely expressly, and apparently solely, on Succession of Buck, 208 La. 556, 23 So.2d 215. This decision so relied on is not authority for the proposition that any or all surcharging (writing over) of the date of a will has the effect of invalidating the instrument. It simply holds that an olographic will is rendered ineffective by a surcharge or superimposition which makes the date thereof uncertain. Incidentally, in so holding, the court gave recognition to certain principles enunciated by the French commentators, particularly one that the date is deemed uncertain, and hence no date at all, when it is surcharged in such manner that it cannot be read or that there remain two dates equally apparent. In the Buck case the original year numerals at the end of
 
 *982
 
 the will had been overcharged to the extent that it was impossible to read them and determine the date intended by the testator.
 

 In two cases, on the other hand, this court has given approval to the doctrine that a surcharge made by the testator does not invalidate the will if the date intended can be readily determined. Thus, in Succession of Lefort, 139 La. 51, 71 So. 215, 237, the following appears:
 

 “It does not follow that because a date has been overcharged or surcharged, or other figures superimposed upon it, it destroys the date, or makes it fatally uncertain.
 

 “The law in relation to overcharge and erasures is the same. 10 Baudry, § 1910, p. -. ‘Overcharges written by the testator are valid.’ 7 Aubry, p. 105, § 668.
 

 “16 Dalloz puts it thus, in same volume, p. 759, No. 2661:
 

 “ ‘Would the date become uncertain by the mere fact that it would present surcharges? Surcharges, in the date, would annul a notarial testament; but it is not the case with olographic testaments, concerning which we must admit a distinction. If the date is surcharged in such a manner as to indicate two different days, two different years, so that we cannot see what is the veritable date, the uncertainty will carry with it the nullity of the will. If the surcharge permits one to read distinctly the date surcharged, the act must, according to us, remain valid.’ Authorities.
 

 “See also, 10 Baudry-Lacantinerie, p. 52, No. 1936, p. 362, No. 1960 ; 21 Demol. (4 Don. et Test.) Nos. 86, 131, 139; 5 Toull. No. 367, p. 342; 13 Laurent, § 190, p. 202; 9 Donation Nos. 28, 29, 37-3. Trop.No. 1474-1482 ; 33 Merlin, p. 356, No. IX; 1 Grenier on Donations, p. 501, No. 228 (Sept.) 228 bis. p. 486.”
 

 Again, in Succession of McCay, 166 La. 681, 117 So. 772, 773, we find: “On the other hand, it is well settled that the olographic will which shows the date, the month, and the year of its making in surcharged figures is valid, if those figures permit the exact date to be seen and recognized with certainty.” Continuing, the court quoted the above extract from Succession of Lefort and added: “In addition to these authorities, we find the following citation in Fuzier-Herman’s Code Civil Annotte, Annotation No. 265 to article 970, C.P.:
 

 “ ‘Jugé aussi: Que la date convertie par une surcharge en une date postérieure peut etre déclarée valable quant a cette derniére date. Civ. r. 15 Juill. 1846. D.P. 46, 1, 342.’
 

 “The last citation removes any doubt as to the validity of a will postdated by the testator through a surcharge, if the date surcharged may be read distinctly and distinguished as the true date of the confection of the will.
 

 “While not agreeing with that part of the decision in Succession of Lefort that holds that extrinsic evidence may. be re
 
 *984
 
 sorted to in order to ascertain
 
 the intention
 
 of the testator as to the date, we accept as correctly stated, and approve the French jurisprudence therein reviewed, in so far as the general law relative to surcharges is concerned. * * * ”
 

 A casual inspection of the will presently under consideration discloses that with respect to the criticized year date at the commencement of the first page the numeral 8 was written over the original last figure thereof. That numeral was heavily confected and perfectly formed with a color of ink not otherwise used on page one of the document; and it now appears outstanding and’ clear. In fact, plaintiffs allege, and the defendant executor conceded, the superimposition by decedent through the use of the numeral 8. They agree, too, that the date changed or overcharged was 1945, which very probably is correct in view of its occurring also at the conclusion of the will. However, the- date originally placed at the top of page one is not readily apparent and cannot' be definitely determined by mere inspection, for the last figure thereof is almost wholly covered and obliterated and the slight visible part remaining might well be considered as that of a 3 or a 9. Therefore, it must be concluded that the testatrix intended the assailed year date to be 1948.
 

 As a result, of course, there- are two conflicting year dates on the will — the 1948-at the top of page one and-the 1945 on page four immediately preceding the signature. And the question arises: Does this conflict render the instrument invalid for want of certainty in its date?
 

 Succession of Cunningham, 142 La. 701, 77 So. 506, involved a will dated May 13, 1914 at the beginning thereof and February 5, 1915 at the end; and Picard v. Succession of Picard, 179 La. 746, 155 So. 11, concerned a like instrument which commenced with the date July 18, 1932 and concluded with August 18, 1932. Therein, the validity of both wills, attacked as being uncertain as to dates, was maintained.
 

 Later, those cases were, cited with approval in Love v. Dawkins, 222 La. 259, 62 So.2d 399, 401, in which was attacked a will bearing date of August 31, 1946 at its commencement and August 30, 1946 at its end. Referring to the mentioned prior decisions, this court said: “ * * * The force of the reasoning in both cases seems to be conceded by counsel for plaintiffs but they attempt to differentiate them on the basis that whereas in both the dates in each will followed in regular sequence, in the present case there is no- sequence as the thirtieth day of August, the date which appears last in the will, cannot possibly follow the thirty-first day of August, the date which appears first.” Continuing, in the Love case, we observed: “But counsel refers us to no cases or authority, and we find none, in which sequence in dates is made the test to determine certainty of the date when a will contains more than one.
 
 *986
 
 Indeed, there is authority in our jurisprudence to the effect that the law does not require that the date appear at any particular place in the body of the instrument. * * *
 

 “The will in this case leaves no doubt itself that it was on the 30th day of August, 1946, that the testatrix made her dispositions in her own handwriting since she closed her will by stating ‘This entirely written dated and signed in my own handwriting on this the 30th day of August, 1946’. The other date placed at the head of the instrument and before the word ‘Will’ neither adds to nor does it detract from her dispositions as contained in the body of the will itself.' However, if any consideration is to be given to that date, could not the assumption be indulged, as it was in cases where it was concluded that the testator took more than one day to complete his will, that the testatrix here, on the day following the writing and signing of the will reaffirmed her dispositions by. inserting the later date? No reason suggests itself why not.
 

 “The will, except for the words ‘Ville Platte, La. Aug. 31, 1946’, is all in one part. Those words are separated from the rest by the word ‘Will’. The disposition and other declarations which follow appear in orderly form. The will contains but one signature following the solemn declaration by the testatrix that it was written, dated and signed in her own handwriting. That signature applies equally to both dates which the instrument bears and that, it appears from the authorities cited, is what is important and makes the date sufficiently certain to maintain the validity of the will.”
 

 Undeniably, what was said in Love v. Dawkins, supra, is applicable to the instant question respecting the conflict of dates. Indeed, the holding of that case is decisive of such question and warrants our declaring the assailed will valid, unless a different conclusion is compelled by the fact that the two middle pages of the document under consideration were written by decedent on paper manufactured in 1946 (evidence adduced discloses this) and, consequently, the entire will was not and could not have been in its present form on August 3, 1945, the date appearing at the end thereof.
 

 Obviously, those pages represented a rewriting of pages two and three of the will prepared in 1945, a color of ink different from that found on pages one and four (which bore the two original dates and no doubt are parts of the original will) having been used therefor. Possibly decedent accomplished the change in 1948; if so, such would account for the above discussed superimposition of the numeral 8 on the year date at the will’s commencement.
 

 But the evident rewriting of the two undated, middle pages could not result in the annullment of the whole will. At the most it would affect, if anything, the bequests made on those pages; it might present a question — one not raised in this
 
 *988
 
 proceeding — of their validity apart from the rest of the testament. Assuming their invalidity for the sake of argument, in other words, the remainder of the will is not thereby destroyed. Surely, this would be true had the testatrix, several years after the confection of the 1945 will, deleted by cross marks every bequest made on the original two middle pages. As stated in Succession of Smart, 214 La. 63, 36 So.2d 639, 641, “It is well settled that the invalidity of a portion of a will does not destroy the will in its entirety.”
 

 Plaintiffs’ counsel further suggest in their brief that after the death of the testatrix there was an interchange or shuffling of pages as between the probated will, on the one hand, and the three former testaments, on the other; and in this connection they, direct attention .to some lack of continuity between pages two and three of the will under consideration. The allegations of the petition do not' charge anyone with fraud or ill practice and'certainly none was proved; hence the suggestion appears inappropriate. By reason of the lack of continuity perhaps one or more of the attempted bequests might have been rendered indeterminable and, hence, unenforceable. But, as above pointed out, that would not otherwise affect the validity of the will.
 

 Having concluded that the will probated January 28, 1952, is not invalid because of a want of certainty of date, the sole ground of the attack herein, it is unnecessary to consider defendants’ exception of want of interest or plaintiffs’ complaint respecting the probate of the document designated as “Wood No. 3”.
 

 For the reasons assigned the judgment appealed from is annulled and set aside and plaintiffs’ suit is dismissed at their costs.