98 So.2d 711 (1957)
Succession of Joseph J. GAUDIN.
No. 4503.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
Rehearing Denied December 23, 1957.
Writ of Certiorari Denied February 10, 1958.
*712 Breazeale, Sachse, Wilson & Hebert, Baton Rouge, for appellant.
Kantrow, Spaht, West & Kleinpeter, Baton Rouge, for appellee.
LOTTINGER, Judge.
Joseph J. Gaudin died on February 12, 1956, leaving an instrument purported to be an olographic will dated "9/12/55." Deceased was survived by his mother, a brother and two nieces. One of the nieces was made universal legatee under the purported will, and petitioned for the probate of the will. Decedent's brother filed opposition alleging that the will is not dated as required by the LSA-Civil Code, particularly Article No. 1588 thereof, and therefore claims that the will is without any legal force and effect. The opposition of the brother was maintained below and the Court declined the probate thereof. The petitioner lodged an appeal with the Supreme Court, which was transferred here because the record failed to show the required jurisdictional amount.
The sole question provided is whether or not the date "9/12/55" is sufficient and certain for an olographic will under the law and jurisprudence of this state, and if not certain, can the proponent of the will offer evidence to show the certainty of the date by extrinsic evidence. The proponent admits the ambiguity or uncertainty of the date and attempted to offer extrinsic evidence to show the certainty but the Lower Court maintained an objection to said offer.
In Succession of Lefort, 139 La. 51, 71 So. 215, 235, the District Judge refused to probate a will because the date was uncertain. The Court, in that case, on rehearing said:
"There is a physical difference between a document without a date and one with an uncertain date. There is a legal difference between supplying a missing date, or any part of it, by facts outside of the will, and establishing certainty concerning an ambiguity or uncertainty or doubt in an existing date. The former cannot be done, because it is of the essence of the validity of a will that it be dated `by the hand of the testator' (C.C.1588 (1581)), and it cannot be `dated' in any other way. But there is no law that prevents the courts from hearing testimony and entertaining evidence to throw light upon an obscure date, and remove all doubt, uncertainty, or ambiguity concerning it. Reason dictates it, and justice demands it, in order that the right accorded by law to make a will shall be protected, and not defeated by technicalities. Any evidence, recognized by law and not expressly prohibited by statute, calculated to convince the court and establish the certainty of the date, should be admitted and heard. The whole question resolves itself into a matter of proof. If the uncertain date can be made certain by other parts of the will or by any other means, it ceases to be uncertain and becomes certain and valid. `Id certum est quod certum reddi potest.' If the evidence fails in its object, and the date remains uncertain, then the document wants the requisites of the law, and it is not a will. An uncertain date is therefore a date which cannot be made certain." (Italics ours.)
Although the facts presented were different from the ones before us, it is clear that the Court in the Lefort case gave its approval to the use of extrinsic evidence to prove an uncertain date. The Lafort case was followed in Succession of McCay, 166 La. 681, 682, 117 So. 772. In both of these cases the testator had written over or surcharged a portion of the date, and *713 in each case the Court allowed expert evidence to determine the actual date of the will.
Subsequently, in Succession of Beird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452, the Court was presented with a will bearing the date "9/8/18". The Court held that the will failed to meet the requirement of the law, because the date was uncertain. In this case the Court concluded that the month and day as well as the century were uncertain.
In Succession of Kron, 172 La. 666, 135 So. 19, the Court had to consider a will dated "January 11th/27." The Court considered the legal presumption that a person is dead after a period of one hundred years following his birth, and concluded that the year must be 1927 and not 1827. Thus the Court specifically overruled at least that portion of the Beird case dealing with the certainty of date insofar as the century is concerned. In so doing the Court considered extrinsic evidence as to the date of birth or death of the testator. However, in the Kron case the Court was not faced with numerals denoting the month and day of month.
We followed the holding of the Beird case in Succession of Lasseigne, La.App., 181 So. 879. In that case the will was dated "12.10.1934." The will was attacked solely on the ground that the figures used to denote the day and month were uncertain. The Kron case was cited, but the question of certainty of the century was not before the Court.
The Lasseigne case is the last Louisiana case reported which specifically had before it the question of using figures to denote the day and month. Recently in Succession of Mutin, 232 La. 416, 94 So.2d 420, the Court considered a will dated "Feb. 2/9/54," however, it held the date as being certain. The question there was different and the Court held the will as being dated February 9, 1954.
In summary, we find that the Beird case ignored the sound reasoning of the Lefort case and held that no extrinsic evidence may be admitted to establish the certainty of the date. The Kron case overruled the Beird case insofar as certainty of the century was concerned, and held that extrinsic evidence may be admitted to prove the certainty of the century. The Court was not concerned with the day and month as they were certain on the face of the will itself. But suppose the day and month had been expressed by numerals in the Kron case. Wouldn't it be safe to assume that the Court would have considered extrinsic evidence to ascertain the certainty of the day and month. To allow extrinsic evidence to show certainty of century, but not to allow it to show certainty of day and month is surely not being consistent. If extrinsic evidence may be allowed for one, it certainly must be allowed for the other.
Of course we fully realize that we are not being consistent with our decision in the Succession of Lasseigne, however, so long as humans occupy the bench there will be inconsistencies. We do not feel that, under the doctrine as set forth in the Kron case, we can refuse to consider extrinsic evidence to determine the certainty of the day and month, as well as the century. We see no difference between the two. The Kron case has been followed several times. Succession of Wenling, 172 La. 673, 135 So. 21; Succession of Coleman, 177 La. 898, 149 So. 513; Succession of Caro, 175 La. 402, 143 So. 355.
Furthermore Article 1588 of the LSA-Civil Code provides that in order for an olographic testament to be valid it must be entirely written, dated and signed by the hand of the testator. In the Kron case, as well as subsequent decisions, the Court went outside of the will itself to supply the century. The Kron case held that a will dated "January 11th/27" was valid and certain, although the century of the will was supplied by outside evidence. *714 In determining the day and month of the will in the present case we need only to go outside the will to secure evidence to interpret which of the figures represents the day and which the month. The day and month are not being supplied by outside evidence, they are only being interpreted by outside evidence, whereas, in the Kron case, as well as others, the century was actually supplied by outside evidence. As was said in the Lefort case: "Any evidence, recognized by law and not expressly prohibited by statute, calculated to convince the court and establish the certainty of the date, should be admitted and heard." So long as the will is dated, we believe that certainty as to date may be established by outside evidence.
The laws of this state have always favored testamentary dispositions. Only recently the Legislature enacted a new type of Louisiana will so as to more readily enable the citizenry to dispose of property in this manner. The Courts have always tried to give meaning to ambiguous testaments so as to give effect to the intentions of the testator.
We feel that Succession of Kron actually did overrule the decision in the Beird case. Although the Court was not presented with the day and month expressed in figures, we believe that by using extrinsic evidence to supply the century, the Court at least implied that extrinsic evidence could be used to interpret the day and month when they are supplied with figures. Of course, it well might be that the petitioner might not be able to prove the day and month with certainty. But this is a matter for the Courts to decide after the evidence has been submitted.
Our decision in Succession of Lasseigne was erroneously based on the decision of the Beird case, whereas, it should have been based upon the reasoning set forth in Succession of Lefort and Succession of Kron. We hereby overrule our holding in the Lasseigne case.
For the reasons assigned, the judgment of the Lower Court is reversed, and the matter is remanded to the Lowe- Court for further proceeding. All costs of this appeal to be paid by defendant.
Reversed and remanded.