.HERGET, Judge
(dissenting).
Joseph J. Gaudin died on February 12, 1956 leaving an instrument' purported to be an olographic will dated “9/12/55”. The proponent of the will is Miss Bobbye Clements, a niece of decedent, who was made universal legatee under the testament; opponent- is decedent’s brother, Albert G. Gaudin, Sr., who contends that the will is not dated as required by LSA-C.C. Article 1588, and thus is without legal force and effect.
This Court, for the second time, is called upon to consider the certainty of the date of the olographic will left by Joseph J. Gaudin. Initially the Trial Court, upon the opposition of opponent, refused to permit the introduction of extrinsic evidence to ascertain that the will was in fact dated September 12, 1955 as contended by proponent, and upon concluding that the date upon the face of the will was uncertain declined to probate the instrument. From such judgment proponent appealed to the Supreme Court of Louisiana, which Court transferred the case to the Court of Appeal, First Circuit, for decision. 233 La. 235, 96 So.2d 500. This Court, in the Succession of Gaudin, La.App., 98 So.2d 711, reversed the judgment of the Trial Court and remanded the case to permit the introduction of extrinsic evidence for the purpose of proving, if possible, the day and month of the will with certainty. Following such judgment of this Court application for writs was made to the Supreme Court, which Court, on February 10, 1958, denied the application for these reasons: “Writ refused. Judgment of Court of Appeal not final.” Two of the Justices dissented. Nevertheless, from a simple reading of the reasons given by the Court for its refusal of the application, it is obvious that the Court gave no consideration to the pronouncement by this Court that extrinsic evidence is admissible to prove the certainty of the date of an olographic will, but its rejection of the application was based solely on the ground that the judgment of this Court was not final. However, Justice McCaleb assigned as his reasons for dissenting from the refusal to grant the writ the following:
“McCaleb, J., is of the opinion that the writ should be granted as a matter of right under Sec. 11 of Art. 7 of the Constitution as the decision is in direct conflict with the jurisprudence of this Court. See Succ. of Mutin, 232 La. 416, 94 So.2d 420 and cases there cited.”
*393 On the remand of the case the Trial Court, over the objection of counsel for the opponent, permitted counsel for the proponent to introduce certain extrinsic evidence for the purpose of proving the certainty of the date as contended by her to be September 12, 1955 and following a hearing of the issue the Trial Court dismissed the opposition and sustained the contention of proponent, holding that the will was dated September 12, 1955 and ordering same probated as the last testament of decedent. It is from this judgment that opponent appealed and the matter is before this Court at this time on the issues thus raised, that is, whether extrinsic evidence may be offered to prove the certainty of the date of an olographic will and, if so, whether such date has been proven with certainty.
On this second appeal opponent again reiterates and reurges his objection that extrinsic evidence to prove the certainty of the date of an olographic will is inadmissible. Therefore, insofar as this phase of the litigation is concerned, this appeal presents an identical legal question and identical parties as the cause which the Court reversed and remanded on the previous appeal. We are urged to reconsider our previous finding and reach a contrary conclusion.
Unmistakably a prior ruling by the same court or one of equal dignity disposing of an identical issue earlier in the same'proceeding involving the same parties establishes the law of the case insofar as that issue is concerned. Before giving consideration to opponent’s objection to the admission of extrinsic evidence to prove the certainty of the date of the will we must resolve the question of whether we are free to re-examine our previous ruling or whether we are bound by the law of the case. This identical question was resolved recently in the Court of Appeal, Third Circuit, in the case of Keller v. Thompson, La.App., 134 So.2d 395 (Advance Sheet No. 2, Dec. 14, 1961.) The Court concluded therein that the law of the case having been established by a final ruling on the .first appeal by a tribunal of equal dignity, though not being a final judgment and therefore not res judicata and thus not conclusively binding, re-examination of the previous ruling should not be attempted except in instances where the prior ruling was palpably erroneous or manifestly unjust.
There has been considerable jurisprudence in Louisiana to the effect that the sufficiency or certainty of a date of an olographic will must be determined from the face of the will.; among others: Succession of Beird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452; Succession of Lasseigne, La.App., 181 So. 879; Succession of Buck, 208 La. 556, 23 So.2d 215; Succession of Mutin, 232 La. 416, 94 So.2d 420.
Though counsel for proponent maintains in his argument before this Court that the holding in the Mutin case to the effect that extrinsic evidence was not admissible to prove the certainty of the date of an olographic will was obiter and though this Court in the Succession of Gaudin, 98 So. 2d 711, at page 713 commented on the Mutin case in these words:
“ * * * Recently in Succession of Mutin, 232 La. 416, 94 So.2d 420, the Court considered a will dated ‘Feb. 2/9/54’ however it held the date as being certain. The question there was different and the Court held the will as being dated February 9, 1954.”,
from an examination of the Mutin case by the author of this opinion it appears that the Supreme Court there squarely held that extrinsic evidence was inadmissible to prove the certainty of the date of an olographic will. In the Mutin case counsel for opponent in the Trial Court objected to the introduction of extrinsic evidence, which testimony was admitted over his objection, in support of their position that the will was made on February 9, 1954 and that the abbreviation “Feb” was written on the date line after the will had been completed to signify that the numeral “2” *394 contained in the date represented the month in which the will was written. The Supreme Court in disposing of this objection, at page 422 (94 So.2d), said:
“We agree with counsel that it was error for the judge to allow the introduction of evidence to exhibit the intent of the testatrix as to the date of the will. Article 1588 of the Civil Code provides:
“ ‘The olographic testament is that which is written by the testator himself.
“ ‘In order to be valid, it must be entirely written, dated, and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State.’
“If an olographic will is undated or contains an uncertain date, its nullity results from a vice of form. Hence, it matters not whether the testator intended a particular date or not as extrinsic evidence cannot cure the defect. An uncertain date is the equivalent of no date at all and the sufficiency and certainty of the date must be determined from the face of the will. Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281; Succession of Robertson, 49 La.Ann. 868, 21 So. 586; Succession of Beird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452; Succession of Curtis, 149 La. 487, 89 So. 629; Succession of Dyer, 155 La. 265, 99 So. 214; Succession of McCay, 166 La. 681, 117 So. 772; Succession of Kron, 172 La. 666, 135 So. 19; Succession of Wenling, 172 La. 673, 135 So. 21; Succession of Lasseigne, La.App., 181 So. 879 and Succession of Buck, 208 La. 556, 23 So.2d 215.”
It is obvious the Court concluded that the certainty of the date had to appear from the date itself as written by the testator for, at page 423, the language of the opinion is:
“Since we hold that evidence was inadmissible to establish the date of the will intended by the testatrix, we proceed to a determination of whether the date as written, is so uncertain that the testament must be held invalid for failure to comply with the form prescribed by law.” (Emphasis added)
That the Court was not concerned with the intent of the testator in dating the will but only with the certainty of the date as shown thereon is apparent from the language at page 424, as follows:
“ * * * On the contrary, we consider the date, as written, to be reasonably certain and, therefore, the will is not amenable to the claim that it is invalid in form.” (Emphasis added)
While it may be argued that the rule disallowing extrinsic evidence to be introduced to prove the certainty of the date of the will was somewhat relaxed to permit the evidence of handwriting experts to interpret a surcharged date in the Succession of Lefort, 139 La. 51, 71 So. 215, and Succession of McCay, 166 La. 681, 117 So. 772, the doctrine enunciated in the Lefort case decided by a divided court relied on by proponent to permit extrinsic evidence to show the intent of the testator in dating a will, has not met with approval. As pointed out in the footnote at page 423 (94 So.2d) in the Succession of Mutin, supra:
“1. In Succession of McCay, 166 La. 681, 117 So. 772, 773, the Court said: ‘While not agreeing with that part of the decision in Succession of Lefort that holds that extrinsic evidence may be resorted to in order to ascertain the intention of the testator as to the date, we accept as correctly stated, and approve the French jurisprudence therein reviewed, in so far as the general law relative to surcharges is concerned.’ The quoted language from Succession of McCay was cited approvingly in Succession of Reynolds, 224 La. 975, 71 So.2d 537. The observations in the Lefort case *395 were also criticized in a per curiam .refusing an application for a rehearing in Succession of Butterworth, 195 La. 115, 196 So. 39.”
Apparently Chief Justice O’Niell was not impressed with the holdings in the Lefort case for, though in the Succession of Buck, supra, he made a minute review of all of the authorities including the French on the question appertaining to the issue therein involved, he failed to mention the Lefort case which can hardly be attributed to oversight as no doubt because of his personal appearance in the case as a witness the views were indelibly impressed on his mind. Furthermore, in the Succession of Cunningham, 142 La. 701, 77 So. 506, because the Succession of Lefort had been cited in the majority opinion, Justice O’Niell purposely wrote a concurring opinion to affirmatively express his disapproval of the decision in the Lefort case.
In Succession of Kron, 172 La. 666, 135 So. 19, the Supreme Court held valid as bearing a certain date an olographic testament dated “January llth/27”, and answered the following query of counsel in his brief in objecting to the probate of the will contending that it bore no certain date
“ * * * ‘How could anyone know in the instant case whether the will was dated in 1927 or 1827.’ in these words:
“The answer is found in the law itself. After the lapse of one hundred years from the date of a person’s birth, he is presumed to be dead. That is a legal presumption, ‘a maxim consecrated by the best authorities.’ C.C. art. 70; Hayes v. Berwick, 2 Mart. (O.S.) [138] 140, 5 Am.Dec. 727; Owens v. Mitchell, 5 Mart. (N.S.) 667; Martinez v. Succession of Vives, 32 La.Ann. 305; Rachel v. Jones, et al., 34 La.Ann. 108; Willett v. Andrews et al., 51 La.Ann. 486, 25 So. 391; Succession of Herdman, 154 La, 477, 97 So. 664.
“The death of a person being presumed, as a matter of law, after the lapse of one hundred years from the date of his birth, it may likewise be presumed that he was born not more than one hundred years previous to the date of his death. If this will was dated in the month of January, 1827, the testator was more than one hundred years old when he died, for he could not have made the will the day he was born. Applying this legal presumption, we know therefore as a matter of law, that this will was not made in the twenty-seventh year of the century preceding the present one.”
It is to be noted in the opinion in answer to the contention of counsel that the doctrine of the case of Succession of Beird, supra, was applicable and was authority for holding that the will under consideration was uncertain because of date, the Court said in approving the decision of the Beird case:
“It being ‘impossible to tell whether the deceased intended to write September 8th or the 9th of August,’ the court could not do otherwise than declare the will invalid for want of a certain date.”
Without question, in our previous ruling in this case this Court held that extrinsic evidence to establish the certainty of the day, month and year as well as the century may be admitted. Upon arriving at this conclusion, this Court overruled its prior decision in the Succession of Lasseigne, supra. Whatever doubt may be cast upon the wisdom of our previous holding, it established the law of the case insofar as the question of the admissibility of offering extrinsic evidence to prove the certainty of the date and inasmuch as I do not deem our previous holding to be manifestly unjust or palpably erroneous I feel bound by it, thereby avoiding indefinite re-litigation of the same question and therefore expediting its final determination.
*396 The sole issue, therefore, remaining is the determination of whether proponent with the admission of the extrinsic evidence offered has succeeded in proving the certainty of the date of this olographic will. There is little question but that under LSA-C.C. Art. 1588, an olographic will to he valid must be entirely written, dated and signed in the hand of the testator. As observed by us in the recent case of Succession of Bendily, La.App., 132 So.2d 693, at page 700, in denying the validity of an instrument purporting to be an olographic will where the issue raised was the certainty of the date, we said:
“In the will under consideration we are unable to state with certainty what date the instrument bears, and it being sacramental that said date be certain, * * *” judgment was rendered declaring the purported testament invalid.
■ Motivated, though we be, by sympathy or by what appears to be doing justice in the particular case, we are curtailed in our endeavors in this respect by the obligation of our office which requires that we declare the law and not make the law. Jus dicere, et non jus dare.
To sustain the position of proponent we must conclude with certainty that the will under consideration bearing the date 9/12/55 considering the figures themselves and the extrinsic evidence offered means September 12, 1955 or that the specified ■numerals 9/12/55 in the will certainly dates same September 12, 1955. Our determination of this date must not be based upon our arbitrary opinion as to what the testator intended but only must rest upon our conclusion that the instrument certainly and without question bears the date September 12, 1955.
In support of his contention that the date was September 12, 1955, counsel for proponent introduced in evidence certain checks written during the months of September and December, 1955, the dates thereon being in figures showing the month, day and year in that sequence and shown to have been cashed at the bank in that period. In addition, there was offered a memorandum card in decedent’s own handwriting and kept by him in his pocketbook which referred to dates of the World War in which he was interested which dates were in figures and are in the sequence of the month, day and year. This evidence was introduced over the objection of counsel for the opponent but properly overruled by the Trial Court in accordance with the decision of this Court in which the case was remanded to the District Court for trial. Opponent offered no evidence and the Trial Court thereupon concluded the date of the will to be September 12, 1955 and ordered same probated.
In argument before this Court counsel referred to the fact that many people in dating instruments used figures giving the month, day and year in that sequence; whereas others, especially those in the Army evidently because of the requirement of military regulations, date instruments giving the day, month and year in that sequence. From an observation of the instrument itself there can be no doubt but that 9/12/55 could, with equal reasoning, be concluded to mean September 12, 1955 or 9, December, 1955. With the extrinsic evidence offered can we with certainty say that the date is September 12, 1955 ? Upon giving consideration to the extrinsic evidence we can say that there is a possibility that the date on the will is September 12, 1955 or we might go further and conclude that the decedent customarily dated instruments by placing the numerals denoting the month, day and year in that sequence. But, does such conclusion eliminate the possibility that on other occasions decedent appended dates to instruments by using the day, month and year in that order? Can we be certain giving consideration to the extrinsic evidence that the date on the testament is September 12, 1955 ? Inasmuch as I am unable to answer these questions in the *397 affirmative, in my opinion the will not having a certain date, is invalid as to form.
In my opinion, the majority concedes that the Supreme Court has established the jurisprudence that extrinsic evidence is inadmissible to prove the certainty of the date of an olographic will hut despite this determination of the issue by the highest Court of this State we are free to give consideration to the articles of the Civil Code to arrive at a contrary conclusion. I am unable to agree with this reasoning. And, accordingly, I am of the opinion that the judgment of the Trial Court should be reversed and I respectfully dissent from the judgment of this Court affirming same.