The judgment, dismissing the suit, is affirmed, with costs.

---

(89 South. 629)

No. 24206.

Succession of CURTIS.

(June 30, 1921. Rehearing Denied Oct. 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. Wills ⬅️130—Olographic will is invalid, if any part of dating is uncertain or doubtful.

Under Civ. Code, art. 1588, declaring that an olographic testament must be entirely written by testator, and article 1655, requiring proof by the declaration of two credible persons, who must attest that they recognize the testament as being entirely written, dated, and signed in the handwriting of the testator, if any part of date of the instrument be doubtful, it is not valid as an olographic will.

2. Wills ⬅️302(6)—Evidence held insufficient to establish olographic will.

In a contest of an alleged olographic will, evidence *held* insufficient to establish that the will was entirely written, dated, and signed by the hand of the testator, as required by Civ. Code, arts. 1588, 1655.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Succession of Mrs. Harriet M. Curtis. Suit by Louis A. Curtis, a grandson, to annul a judgment probating a document purporting to be the olographic will of the deceased. Judgment for plaintiff, and the defendants, testamentary executors, appeal. Affirmed.

W. H. Pascoe and W. O. Hart, both of New Orleans, for appellants.

Charles G. Gill and Thos. M. Gill, both of New Orleans, for appellee.

O'NIELL, J. This suit was brought by a grandson of the late Mrs. Harriet M. Curtis, to annul the judgment probating a document purporting to be the olographic will of the deceased. He alleged, first, that the instrument was not dated, written, or signed by his deceased grandmother, and, second, that it was not dated at all because the figures purporting to represent the year of its date are obscure, uncertain and doubtful. Judgment was rendered in favor of plaintiff, and the defendants, testamentary executors, appealed. Thereafter, one of the executors died and the other qualified as testamentary executor of the deceased executor.

[1] Article 1588 of the Civil Code declares that, in order to be valid, an olographic testament must be entirely written, dated and signed by the hand of the testator; and article 1655 declares that, to be admitted to probate, the olographic testament must be proved by the declaration of two credible persons, who must attest that they recognize the testament as being entirely written, dated and signed in the handwriting of the testator.

It is well settled that, if any part of the date appearing on an instrument purporting to be an olographic testament is doubtful or uncertain, whether as to the day, month or year, the effect of the uncertainty or doubt about the date is the same as if the

instrument were not dated at all; such an instrument is not a valid olographic testament. The will in question was probated as being dated October 5, 1918. The last figure in the date line has the appearance of having been converted from the figure 0 or the figure 6 into the figure 8; and the date appears yet as much like October 5, 1910, as like October 5, 1918. This doubt or uncertainty about the date, however, may be disregarded, because the evidence adduced leaves no doubt that the will was not written or signed by Mrs. Harriet M. Curtis.

[2] Of the two witnesses on whose testimony the instrument was admitted to probate, one acknowledged on the trial of the case that he could not read the document. He said that his sight was very defective. He attempted to read the instrument and made a very poor showing. He did not give any satisfactory reason for his statement that he recognized the instrument as being entirely written, dated and signed in the handwriting of Mrs. Curtis. On the contrary, his testimony leaves no doubt whatever that he was not a competent witness to prove the handwriting.

The other of the two witnesses on whose testimony the instrument was admitted to probate did not give a satisfactory reason for his statement that the instrument was entirely written, dated and signed in the handwriting of Mrs. Curtis. There is no reason whatever for believing that he was familiar with her handwriting. He had been reared by Mrs. Curtis and bore the name Curtis, though he was not related to her. The instrument contains a legacy in his favor of a city lot, which, however, he bought from Mrs. Curtis for $250 after October 5, 1918. He testified that he paid for the lot in cash, not with a bank check or other voucher. Notwithstanding he testified that he knew the lot was bequeathed to him by the will, he gave no reason whatever for preferring to pay for it. The fact that Mrs. Curtis was very old, partially paralyzed and fatally ill with a disease of the heart, from a date prior to October 5, 1918, to the date of her death, the 12th of January, 1919, gives rise to a suspicion that the supposed legatee, who preferred to pay for his legacy, was at least doubtful of the genuineness of the document purporting to be her will.

A daughter of the deceased also testified on the trial of this case that she recognized the instrument as being entirely written, dated and signed by her mother. But the witness did not give any satisfactory reason for her opinion in that respect. She was named in the instrument as a legatee and as one of the testamentary executors.

Besides the three witnesses heretofore mentioned, only one other witness testified to the genuineness of the instrument. He was an attorney at law and had been the attorney for Mrs. Curtis for about 25 years. His eyesight had failed so that he was unable to read at all. He testified that Mrs. Curtis had handed him the instrument saying it contained her will. He said that, for that reason, he took it for granted that it was her will; but he admitted that, although he had had the instrument in his possession until after Mrs. Curtis had died, he had never undertaken to identify or recognize the handwriting.

A handwriting expert, testifying on behalf of the plaintiff in this case, and comparing the handwriting of the document in question with the signature of Mrs. Curtis on several other documents, acknowledged to have been signed by her, declared that it was not possible for her to have written the instrument in question. The documents bearing her signature, and admitted to have been signed by her, were brought up with the record, and have been compared with the handwriting and signature of the instrument in question, and we are convinced that it

was not possible for Mrs. Curtis to have written the instrument in question. Among these documents are receipts dated, respectively, January 12 and July 1, 1915, July 3 and September 6, 1916, January 2 and July 3, 1917 and July 23, 1918. There is also a receipt dated January 10, 1919, to which Mrs. Curtis affixed a cross mark in lieu of her signature, because she was then too feeble to sign her name. The signature on the receipt dated January 2, 1917, and on that dated July 3, 1918, is hardly legible, and these two receipts bear the signature of a witness who attested the signature of Mrs. Curtis. The paying teller of the bank testified that he required a witness to attest the signature before he would pay out the money for these receipts, because he considered the signature of Mrs. Curtis illegible. The evidence shows conclusively that Mrs. Curtis was not, in July, 1918, or at any time thereafter, capable of writing the instrument in question, which contains 200 words and figures. Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed at appellant's cost.

MONROE, C. J., concurs in the decree.