BRUNOT, J.
 

 George Wenling died testate, in the parish of Jefferson, on October 6, 1930, leaving a surviving widow and collateral heirs, and an estate consisting principally of stocks and securities. During his lifetime the deceased made two olographic wills. It is conceded that both wills were entirely written and signed by the testator. In one will the widow is named universal legatee; in the other,' col-laterals are named residuary legatees. The question presented, to the court is; Which of •the two wills is the last will of 'the deceased? The determination of the question hinges entirely upon the court’s finding of fact with respect to the year date of each will. In both wills' the month is abbreviated and figures are used to designate the day of the month, the year, and the century. In one will the day of the month, the year, and the century are written “18/28.” In the other, the year and century appear in four figures, but the last digit of these numerals is questioned. The will dated “Jan. 18/28” was presented by the widow of the deceased. It is contended ‘that this will is null because of the absence of the year date.. The other will was presented by a nephew of the deceased, and its nullity is alleged because the last digit of its year date is doubtful.
 

 The question as to which will should be probated was fried, and judgment was rendered decreeing the will presented by the widow of the deceased valid, and ordering its probate, and declaring the will presented by the nephew of the deceased null and void. This appeal is from that judgment.
 

 The attack upon the will dated “Jan. 18/28,” in which the widow of the deceased is named universal legatee, is disposed of by the cogent reasoning of Justice Odom and the authorities cited in the opinion this day handed down in Succession of Edward Kron (La. Sup.) 135 So. 19.
 
 [1]
 
 In the Kron Case,
 
 *676
 
 as in this ease, the year and century dates were written in exactly the same manner.
 

 On the date line of the will presented by the nephew of the deceased, in which his collateral heirs are named residuary legatees, appear unmistakable evidence of the erasure of the original month, day of the month, and century and year dates, and that the letters and figures now appearing in the date line were surcharged thereon. It is shown that the substituted letters and figures are in the handwriting of the testator. Therefore, if the substitution did not affect the certainty, of the date of .the will, it would not affect its validity. But here a digit has been substituted in the year date of the wilL which may be a three, an eight, or a nine. The testimony as to what figure it is does not elucidate, hut rather emphasizes the uncertainty. The pleading tendering the will-declares its date to be August 6, 1928, but the witnesses offered by the pleader testify that its year and century date is 1929. On the other hand, there is testimony that the date appears to be 1923, and other witnesses testify that the last digit of the numerals is too uncertain to definitely fix the year. date. An examination of the document without and under a magnifying glass convinces us that if the last digit of the date be a nine, the figure does not resemble the peculiar nine the deceased is shown to have consistently made throughout his life. Neither our own independent scrutiny of the will nor the testimony in the l'eeord has enabled us to ascertain with a reasonable degree of certainty whether or not the date of the will be 1923, 1928 or 1929.
 

 In Sucession of Lefort, 139 La. 51, 71 So. 215, 236, Ann. Cas. 1917E, 769, this court in its reasons for refusing a rehearing said:
 

 “Any evidence, recognized by law and not expressly prohibited by statute, calculated to convince the court and establish the certainty of the date, should be admitted and heard. The whole question resolves itself into a matter of proof. * * * If the evidence fails in its object, and the date remains uncertain, then the document wants the requisites of the law, and it is not a will.”
 

 In Succession of Curtis, 149 La. 487, 89 So. 629, 630, this court, through its present Chief Justice, said:
 

 “It is well settled that, if any part of the date appearing on an instrument purporting to be an olographic testament is doubtful or uncertain, whether as to the day, month or year, the effect of the uncertainty or doubt about the date is the same as if the instrument was not dated at all; such an instrument is not a valid olographic testament.”
 

 For the reasons stated, the judgment appealed from is affirmed, at appellants’ cost.
 

 O’NIELL, C. J., concurs in the decree.