PONDER, Justice.
This, is an appeal from a judgment refusing the probation of a will on the ground that the will was not properly dated.
Marceline Sarrazin, widow of Alex Pa-tin, died on January 3, 1947 leaving a will in olographic form. Oscar J. Francis, Jr., a nephew of decedent, petitioned the court to be appointed administrator of the succession. Estella Francis Roques, a niece of the decedent, opposed the appointment of Oscar Francis as administrator. Thereafter Estella Francis Roques sought the probation of an olographic will of decedent, found by a notary appointed by the court to search for a will. Oscar Francis opposed the probation of the will on the ground that it did not bear a proper date and was therefore null. On trial the lower court gave judgment rejecting the probation of the will because it did not bear a proper date. Estella Francis Roques has appealed.
An examination of the will shows that it was written by an illiterate person on both sides of a very small piece of ragged paper. The date appears to be “June 1944”. The numeral “1” in “1944” seems to have been first written lightly and then written over so as to make this numeral clearer.
The appellant contends that the extra stroke of the pencil on the numeral “1”' was made by the decedent to show the day of the month and was not made for the purpose of making the numeral “1” in the date of the year more legible.
Under Article 1588 of the LSA-Civil Code, an olographic will to be valid must show on its face the day, month, year, and century when executed. Succession of Beird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452; Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281; Succession of Robertson, 49 La.Ann. 868, 21 So. 586, 62 Am.St.Rep. 672.
"This court has repeatedly and consistently applied the rule of strict interpretation to wills. It has never departed f-ipm the rule laid down in the Code, that an olographic will, to be *289 valid, must be entirely written, dated, and signed by the hand of the testator. The date is a vital, essential part of a will. If there be uncertainty as to its date, a will is void. The date must be so written by the testator as to leave no room for doubt or speculation. The reasons for this are numerous and manifest. We have held that if the date of an olographic will is not entirely written by the testator, that if there is an omission of the day, month, or year, or if the words or figures used to express the date are not plain or are so arranged as to leave room for doubt or speculation as to the exact date meant to be written by the testator, the will is void for want of a sufficient date.” Succession of Kron, 172 La. 666, 668, 135 So. 19.
From our examination of the will, we have arrived at the conclusion that the overwriting was made to make the numeral “1” in the date of the year clearer and more distinct. But be that as it may, if there is any uncertainty as to whether it was overwritten for another purpose it. would leave room for doubt and speculation. Uncertainty as to whether the overwritten numeral was intended to clarify the indistinct numeral of the year or was intended to give a day of the month, would render the will null under the holding of Succession of Kron, supra.
For the reasons assigned, the judgment is affirmed at appellant’s cost.