YARRUT, Judge.
This is an appeal by the legatee of a particular legacy (of $10,000) from a judgment refusing the probate of an olographic codicil to an olographic testament, while admitting the body of the testament to probate. The legacy is contained in the codicil.
Upon testator’s death (in 1953) his widow procured the probate of an olographic will, dated May 25, 1942, signed by testator, reading: “This is my last will. I give all I die possessed of to my wife, Frances E. Marshall.”
Another testament, dated April 23, 1942, in olographic form, and containing the *699 codicil, was found in decedent’s bank box. Appellant sought its probate and recognition of her legacy.
The testament of April 23, 1942, containing the codicil, reads:
“This is my last will and testament.
“I hereby revoke and annul all last wills and testaments and codicils thereto that I may have heretofore made.
“In the event of my death, I give and bequeath to my wife, Frances E. Marshall all the property I die possessed of, real, personal and mixed and wheresoever situated.
“I name my friend, William Waller Young as attorney for my estate, and, in the event of his inability to act for any cause, I name in his place my friend Joseph M. Rault.
“Entirely written, dated and signed by me with my own hand at New Orleans, Louisiana, my domicile, this 23rd day of April in the year one thousand nine hundred and forty-two.
“Chester H Marshall”
Written at the bottom of the above will is the challenged codicil, reading:
“I Chester H Marshall a resident of New Orleans La do hereby publish and declare this to be my first codicil to my last will and testament bearing date the first day of July 1947
“I will and bequeath to Marguerite F. White of New Orleans Ten Thousand Dollars ($10,000.00)
“In all other respects I hereby confirm said will and each and every portion thereof as the same as now written
“Chester H Marshall”
Both testaments, including the codicil, are admitted to be in the handwriting of the testator. While the exact value of decedent’s estate is not shown, counsel admitted during argument that it was substantial.
On the ground that the codicil was without date and of no effect, the trial judge refused probate of the codicil, thereby denying appellant her legacy; but permitted probate of the other part or body of the will, along with the probated will of May 25, 1942.
Whether or not an olographic codicil to an olographic will is dated or not, the entire document, once admitted to be in the testator’s handwriting, should be probated and effect given or denied to the whole or any part that may be challenged. Succession of Morvant, 45 La.Ann. 207, 12 So. 349, and 46 La.Ann. 301, 14 So. 922.
At first blush it appears to us that the date of the codicil, expressed as "My first codicil to my last will and testament, bearing date the first day of July, 194-7”, must be the recording by the testator of the date of the codicil and not a reference to a testament of July, 1947, because no such testament was found or produced. It is only logical to conclude that an intelligent testator, if he were making a codicil to a will of July, 1947, would have made it to the will of 1947, and not to one made in 1942. A reasonable conclusion is that the codicil was actually written on July 1, 1947, rather than appended to a will of that date. Furthermore, it would be unreasonable to conclude that the testator, having made a will in 1947, would write a codicil thereto and fail to leave such will in his bank box, along with the two wills of 1942. Appellee’s conjectural answer is that testator must have destroyed the will of 1947.
It is reasonable to deduce, first, that the codicil written at the foot of a will is related to that will; and, second, that a later date in the codicil itself, to-wit, July 1, 1947, must refer to the date the codicil was written and not to the will, especially since the execution of a will of 1947 has not been shown. The only conjecture in which we might indulge is that the testator, in going to his bank box for the purpose of making the codicil, unintentionally appended it to the April, 1942, instead of the May, 1942, will.
It is immaterial in what part of a will the date appears. It can be dated at *700 the head, at the foot, in the body, or even after the signature. Succession of Fuqua, 27 La.Ann. 271; Zerega v. Percival, 46 La. Ann. 590, 15 So. 476; Jones v. Kyle, 168 La. 728, 123 So. 306. There may even be two conflicting dates. Love v. Dawkins, 222 La. 259, 62 So.2d 399; Succession of Reynolds, 224 La. 975, 71 So.2d 537, certiorari denied Reese v. Wood, 348 U.S. 838, 75 S.Ct. 39, 99 L.Ed. 661.
Under LSA-Civil Code Art. 1713, in case of doubt as to the meaning of a will or legacy, the interpretation favoring the validity should be given. Succession of May, 109 La. 994, 34 So. 52; Swart v. Lane, 160 La. 217, 106 So. 833; Picard v. Succession of Picard, 179 La. 746, 155 So. 11.
The cases relied upon by appellee are differentiated as follows:
Succession of Buck, 208 La. 556, 23 So. 2d 215, concerns a will attacked on grounds of mental capacity and that it bore two dates, one date at the beginning and one at the end, both so illegible and “scribbly” that neither date could be deciphered. The Court held the will was undated and void.
Succession of Bechtel, La.App., 99 So.2d 495, involved a testament without a signature. No question of date was involved. The Court did affirm the principle that the law favors testacy over intestacy, and that testaments should be examined by the courts with that in mind.
Succession of Sarrazin, 223 La. 286, 65 So.2d 602, involved a will with the date written as “June 1944”. The illiterate testator seemed to have first written the “1” in 1944 lightly and then wrote over it to make it more legible. It was contended that the superimposed “1” was intended to make the date June 1, 1944 instead of “June, 1944”. The date, however, was found to be “June, 1944” and held inadequate, because it lacked the day of the month, the Code (LSA-C.C. art. 1588) requiring the will to clearly show the day, month, year and century. The omission of any one element is fatal.
In Succession of Mutin, 232 La. 416, 94 So.2d 420, the issue was whether a date of an olographic will “Feb. 2/9/54” was written entirely by testatrix. The complaint was that the abbreviation “Feb.” in front of the numerals was not in the handwriting of testatrix. If so, the date remaining as 2/9/54, would have been uncertain as to month and day. The Court, after hearing expert handwriting evidence, found the entire date to be in the handwriting of testatrix, and validated the will. While the Court did reaffirm the principle that evidence to show intent of a testator is not admissible, it could have intended only evidence dehors the will itself, and not that a court could not interpret intent from the words of the will itself.
Succession of Blaum, 236 La. 1046, 110 So.2d 95, did not involve the absence of a date, nor an undecipherable date, but only the interpretation of certain dispositive parts of the will, in nuncupative form by public act. The court did reaffirm the established rule of interpretation that, in construing a will, the first impression on reading the will is entitled to weight. However, it need not be final nor conclusive.
Accordingly, we are constrained to hold that the date of July 1, 1947, appearing in the body of the codicil, refers to the date of the codicil, and not to another will of that date, which the record fails to disclose ever existed.
The judgment of the trial court is reversed only to the extent that the codicil in question is held to be valid, with a fixed date, and is ordered probated and executed along with the other probate; otherwise, the judgment is affirmed.
Reversed in part, affirmed in part