HERGET, Judge.
On March 5, 1959 Mrs. Inez C. Bendily, widow of Hatch J. Bendily, died in Livingston Parish, Louisiana, leaving no living ascendants or descendants. An olographic will, purportedly written, dated and signed by the testatrix was probated by the Trial Judge despite the opposition of several nieces and nephews of decedent as to the validity of the will, contending that the will bore no certain date; that if it be contended that the date was Dec. 5-58 then the will was not written on December 5, 1958.
The Trial Court concluded that the will was dated December 5, 1958 and dismissed the opposition to the execution of the will. From this judgment opponents appealed to the Supreme Court of Louisiana, which Court, under the provisions of the Constitution of Louisiana, transferred same to this Court for decision.
The appellants contend that the will could not have been written on December 5, 1958 and offered in evidence in an attempt to show same was impossible proof by the witnesses who appeared at the probate of the will and who likewise signed the olographic will as witnesses that the will was in fact executed by the testatrix on a Sunday either in November or December, 1958; that December 5, 1958 was on Friday and therefore the will was not written on that date. Opponents offered further evidence to the effect that the testatrix had left the State of Louisiana on December 5, 1958 and therefore the will could not have been written on that date. This phase of the opposition is without any effect for there is no requirement that the will be written at one sitting or one day, the sacramental formalities of an olographic will being that the same be entirely written, dated and signed in the hand of the testator. Thus it becomes unimportant as to what date the testatrix dated her will, but *694 the serious issue raised by opponents is the question as to whether, in fact, the instrument does bear a certain date.
In the Succession of Buck, 208 La. 556, 23 So.2d 215, 222, the late Chief Justice O’Niell of the Supreme Court of Louisiana in an exhaustive opinion reviewed the Louisiana and French authorities on the issues presented to us for resolution. We quote copiously from his opinion:
“It is well settled that, under article 1588 of the Civil Code, declaring that an olographic testament, in order to be valid, must be entirely written, dated and signed by the hand of the testator, and article 1655 requiring proof by the declaration of two credible persons, who must attest that they recognize the testament as being entirely written, dated and signed in the handwriting of the testator, if the date appearing on the instrument is uncertain, it is not a valid olographic will. It was so declared literally in the Succession of Curtis, 149 La. 487, 89 So. 629, and, substantially, in the following cases: Fuentes v. Gaines, 25 La.Ann. 85, 107; Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281; Succession of Robertson, 49 La.Ann. 868, 21 So. 586, 62 Am.St.Rep. 672; Succession of Swanson, 132 La. 606, 61 So. 685; Succession of Wenling, 172 La. 673, 135 So. 21.
“This pronouncement in the Succession of Curtis, 149 La. 487, 89 So. 629, 630, is supported by the French authorities, and is very appropriate, viz.:
“ Tt is well settled that, if any part of the date appearing on an instrument purporting to be an olographic testament is doubtful or uncertain, whether as to the day, month or year, the effect of the uncertainty or doubt about the date is the same as if the instrument were not dated at all; such an instrument is not a valid olographic testament. The will in question was probated as being dated October 5, 1918. The last figure in the date line has the appearance of having been converted from the figure 0 or the figure 6 into the figure 8; and the date appears yet as much like October 5, 1910, as like October 5, 1918.’
“Article 1588 is a free translation of article 970 of the Code Napoleon, now called Code Civil Francais, a literal translation of which in Louisiana Legal Archives, Vol. 3, Part I, p. 876, is as follows:
“ ‘The olographic testament shall not be valid unless it is entirely written, dated and signed by the hand of the testator: it is subject to no other form.’
“The French commentators on article 970 of the Code Civil Francais— both the old and the modern commentators — are unanimous in their opinion that an incomplete or uncertain date in what purports to be an olographic will is equivalent to no date, and renders the instrument null.
“Carpentier et Du Saint, in their Repertoire du Droit Francais, Vol. 35, sec. 478 and sec. 481, state the rule thus :
“ ‘No. 478. Although the date is not tied down to any sacramental form of expression, at least must it be certain in order that it may answer. Uncertainty in the date is equivalent to no date at all and renders the will null.’
“ ‘No. 481. The date is again uncertain if, for instance, it is surcharged (meaning written over) in such way that it cannot be read, or that the judges remain undecided between two dates equally apparent.’
“Baudry-Lacantinerie, Traite de Droite Civil, Vol. 11, Part 2, Sec. 1960, gives the rule thus:
“ ‘Hitherto, we have spoken only of the inexact date. The same principles are applicable to the incomplete date, for example, as to the date indicating *695 the month and the year, but not the day, ■of the confection of the will. They apply equally to the uncertain date; for ■example, that which has been written ■over (surchargé) in such manner that it shows two dates.
“ ‘An incomplete date, or an uncertain date, as clearly fails to comply with the form prescribed by article 970, Code Civil, as does an incorrect ■date.
“ ‘The testament bearing an incomplete or uncertain date is, therefore, null and void, for the same reason as .a testament not dated or bearing a date which is not correct.’
“Demolombe, Donations Entre-Vifs —Testaments, Vol. 4, Sec. 85, states the rule thus:
“ ‘Is an uncertain date sufficient ? Evidently, No. The date is, as we have said, the precise indication of the day, the month and the year of the making of the will; so that the date which leaves uncertainty as to any one of these three elements does not indicate it in a precise manner. Hence, such date is not sufficient; or rather it is not a date in the sense of article 970.’
“Demolombe, in sec. 86 of the same volume, points out that there were some commentators who thought that the certainty of the date, in an olo-graphic testament, was not indispensable, if the month and year were stated plainly in the instrument; but the author expresses as his own opinion that certainty of the day, in the date given in an olographic will, is as essential as certainty of the month and year; and he declares that the commentators are unanimous in their opinion that uncertainty with regard to the year stated in the date line of an olographic will -.renders the will null.
“Merlin, Repertoire de Jurisprudence, Vol. 17, Sec. II, Par. I, Art. VI, p. 302, states the rule thus:
“ ‘Does the uncertainty of the date of a will vitiate it? Yes, without doubt. The object of the law, in requiring the date to a testament, is to fix the exact time of its confection. But this object cannot be carried out by an uncertain date. There is, therefore, no difference between an uncertain date and an omitted date.’
“Marcade, Droit Civil Francais, Vol. 4, Tit. II, Art. 970, p. 10, states the rule thus:
“ ‘An incomplete date entails the nullity of the testament because the will then shows only a part of a date and not a date. Thus the date which, because of the omission of words, or as a result of superimpositions (surcharges) or erasures,, shows only the words “done at Paris, May 10th Seventeen”, must be declared null.’
“Aubry et Rau, Droit Civil Francais, Vol. 10, sec. 668, pp. 615, 616, state the rule thus:
“ ‘An olographic testament is null when it is not dated, that is to say, when it does not bear (in the hand of the testator) the precise indication of the day, the month and the year in which it was written.
j{: % # £ *
“ ‘The uncertainty of the date, or the omission of one of the elements which compose it, must be assimilated to the absolute absence of a date.’
“Boileux, Commentaire Sur Le Code Civil, Vol. 4, Sec. 1, p. 92, states the rule thus:
“ ‘The date can be rectified by means of the tenor of the paper on which the testament is written. But one cannot *696 rectify errors by conjecture or inference. In case of doubt the nullity must be pronounced.’
“Duranton, Cours De Droit Fran-cais, Vol. 9, p. 36, states the rule thus: “ ‘In principle, an irregular date, or one incorrectly expressed, is not a date, in the sense of the law, because it does not indicate the time when the testament was made. Such would be the case where the day or the month or the year is omitted or erased, or crossed out or written over (surcharge) in such manner that the true date cannot be clearly read, or even when it is established that the date, though written correctly is nevertheless false.’
“Laurent, Droit Civil Francais, Vol. 13, pp. 200 and 203, makes the following comment:
“ ‘Many testaments have been annulled because they were not dated or because the date was incomplete, uncertain or incorrect, even though the testator had never ceased to be capable of making a will, and even though he had made only a single testament.
* * * * * *
“ ‘The date is uncertain when the testator, in writing over it (en la sur-chargeant) has rendered it illegible, or when he has written, by superimposition (en surcharge) another date without obliterating the first. In such case, one does not know which is the day on which the testament was written, hence it has no date; which entails its nullity. It would be thus even when the uncertainty existed only with respect to the day, since the day is an essential element of the date.’
“Dalloz, Repertoire, Vol. 16, Sec. 2660, p. 759, states the rule thus :
“ ‘The date deserves credit only when it is certain. The uncertainty of a date vitiates an olographic testament exactly the same as its absolute omission. M. Merlin regards this rule as incon-testible and M. Troplong follows his opinion. It has been consecrated in a decision which holds that an olographic testament, in which the date is uncertain, can be assimilated to an undated testament;’ et cetera.
“Fuzier-Herman, Repertoire du Droit Francais, Vol. 35, Sec. 478 and 481, states the rule as follows:
“ ‘478. Although the date is not subject to any sacramental form of expression, at least it is essential to its validity that it be certain. The uncertainty of the date is equivalent to the absence of any date and renders the testament null.’
“ ‘481. The date is uncertain if, for example, it is written over in such fashion that one cannot read it or the judges remain undecided between two dates equally apparent.’
“Planiol et Ripert, Droit Civil, Vol. 3, Sec. 2692, p. 728, states the rule thus:
“ ‘An incorrect date and an incomplete date are one and the same. They equally entail the nullity of the testament. The French jurisprudence is constant on this point.’
“In Hue’s, Commentaire Du Code Civil, Tome 6, p. 354, the rule which is most appropriate to this case, if we assume that the instrument in contest was written, dated and signed by Dr. Buck, is stated thus:
“ ‘If the testator has written by super imposing (en surcharge) another date, without obliterating the first, the date would be uncertain and the testament is null.’ ”
From our examination of the date appended on this testament and upon examining an enlarged photograph of the numeral contended to be the numeral 5 in the year -58 we are constrained to hold that *697 the numeral is uncertain, indecipherable, non-apparent. We are producing here a facsimile of the date line appearing in the will:

*698 and an enlargement of the questioned numeral:

Upon examination of the questioned numeral it is possible that some might determine the date to be Dec. 5 -38 and possible for others to conclude the probable date to be Dec. 5 -58. The questioned numeral is not apparent and the alleged partially obliterated numeral 3 is likewise indecipherable and uncertain. There is further grounds to believe on observing the questioned date that there are two numeral 3’s super *699 imposed, one on the other. To recognize and give validity to this instrument it is essential that we be able to positively conclude with no uncertainty the certainty of the date. From our examination and reexamination of this instrument the only thing that we can be certain of in the date is the uncertainty of it.
In the Succession of Sarrazin, 223 La. 286, 65 So.2d 602, the Supreme Court of this State said:
“(1) Under Article 1588 of the LSA-Civil Code, an olographic will to be valid must show on its face the day, month, year, and century when executed. Succession of Beird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452; Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281; Succession of Robertson, 49 La. Ann. 868, 21 So. 586, 62 Am.St.Rep. 672.
“ ‘This court has repeatedly and consistently applied the rule of strict interpretation to wills. It has never departed from the rule laid down in the Code, that an olographic will, to be valid, must be entirely written, dated, and signed by the hand of the testator. The date is a vital, essential part of a will. If there be uncertainty as to its date, a will is void. The date must be so written by the testator as to leave no room for doubt or speculation. The reasons for this are numerous and manifest. We have held that if the date of an olographic will is not entirely written by the testator, that if there is an omission of the day, month, or year, or if the words or figures used to express the date are not plain or are so arranged as to leave room for doubt or speculation as to the exact date meant to be written by the testator, the will is void for want of a sufficient date.’ Succession of. Kron, 172 La. 666, 668, 135 So. 19.” (Italics ours.)
Learned counsel for appellees maintain that the decision of the Supreme Court in the Succession of Reynolds, 224 La. 975, 71 So.2d 537, 538, is determinative of the issues involved in this case, but in our view that decision, in fact, supports the opposition to the probate of the questioned instrument in this case. In the Reynolds case the questioned will appeared to have been originally dated at the beginning thereof August 3, 1945 and the decedent had superimposed the numeral 8 over the numeral 5, thus changing the year to 1948. On the last page of the will the decedent had closed her will in these words: “ ‘ * * * This document has been written dated and signed by me on this third of August, one thousand nine hundred forty five Lilian Bell Reynolds.’ ” The Court concluded that the will bore the date August 3, 1948 thereby establishing the certainty of the date of the testament. In arriving at this conclusion, the Court said:
“(1) A casual inspection of the will presently under consideration discloses that with respect to the criticized year date at the commencement of the first page the numeral 8 was written over the original last figure thereof. That numeral was heavily confected and perfectly formed with a color of ink not otherwise used on page one of the document; and it now appears outstanding and clear. In fact, plaintiffs allege, and the defendant executor conceded, the superimposition by decedent through the use of the numeral 8. They agree, too, that the date changed or overcharged was 1945, which very probably is correct in view of its occurring also at the conclusion of the will. However, the date originally placed at the top of page one is not readily apparent and cannot be definitely determined by mere inspection, for the last figure thereof is almost wholly covered and obliterated and the slight visible part remaining might well be considered as that of a 3 or a 9. Therefore, it must be concluded that the testatrix intended the assailed year date to be 1948.” (Italics ours.)
*700 In the will under consideration we are unable to state with certainty what date the instrument bears, and it being sacramental that said date be certain,
For these reasons, the judgment declaring the will of Inez C. Bendily to be a valid olographic testament and dismissing the opposition to the execution of the will is reversed and the matter is remanded to the District Court in order that the Succession of Inez C. Bendily may be dealt with as an intestate succession, the costs of this proceeding to be borne by the succession.
Reversed and remanded.