JEANNE KANABLE, AS PETITIONER IN THE ESTATE OF EDWARD O. BIRCH, AKA EDWARD BIRCH, DECEASED, APPELLANT, v. MARIE C. BIRCH, RESPONDENT.

No. 6183

July 6, 1970            471 P.2d 237

*George E. Graziadei,* of Las Vegas, for Appellant.

*Dorsey & Taylor,* of Las Vegas, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from an order of the lower court granting summary judgment in favor of respondent, contestant to the offer in probate of a holographic will. We reverse the order and judgment and remand the contest for trial.

Edward O. Birch resided in Las Vegas and was married to respondent, Marie C. Birch. They were the parents of two sons. While they were married, Edward prepared two different wills, in each of which Marie was named a devisee and legatee. On April 16, 1968, they were divorced. Thereafter, on June 1, 1968, Edward drafted a holographic will leaving his entire estate to Marie.

On November 27, 1968, Edward purported to execute a holographic will, in which he named his mother, two sons, and petitioner, Jeanne Kanable, who claims to be his fiancee, devisees and legatees. That document, however, bore the date June 29, 1968. Edward died January 3, 1969, leaving an estate of approximately $5,000, and on March 5, 1969, Jeanne petitioned for probate of the document as Edward's holographic will. The petition was contested by Marie, who claimed the holographic will offered by Jeanne was not dated in accordance with NRS 133.090.[1] She further alleged that at the time of executing the will offered by Jeanne, Edward was not of sound mind and was wholly lacking in testamentary capacity, and Jeanne wrongfully and fraudulently induced him to execute the

---

[1]NRS 133.090 reads:

"1. A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state and need not be witnessed.

"2. Every person of sound mind, over the age of 18 years, including married women, may, by last holographic will, dispose of all of his or her estate, real or personal, the same being chargeable with the payment of the testator's debts.

"3. Such wills shall be valid and have full effect for the purpose for which they are intended."

will, "preventing him from making provision for the natural objects of his testamentary disposition." Marie offered the three prior wills of Edward for probate.

On July 7, 1969, Marie moved for summary judgment on the ground that the purported will offered by Jeanne Kanable was "so improperly dated on the face thereof that, as a matter of law, the said document cannot be admitted to probate as a Last Will and Testament." Jeanne opposed that motion and offered her affidavit to the effect that Edward Birch had written the will at approximately 4:00 a.m. the morning of November 27, 1968, at her home in her presence and that of her son. The will, however, was dated June 29, 1968. She said that she saw Birch place that date on the will and he told her it was because he intended it to take effect as of that date, though he knew the date at the time was November 27, 1968. On November 7, 1969, the trial judge granted the motion for summary judgment. This appeal is taken from that grant of summary judgment.

1.  This court has never before had occasion to interpret NRS 133.090. Courts in other states, which also authorize holographic wills, have interpreted similar statutes. See 2 Page on the Law of Wills, § 20.1 (Bowe-Parker Rev. 1960).

2.  The power to make wills is a power granted solely by statute and is subject to the limitations imposed by statute. In re Walters' Estate, 60 Nev. 172, 104 P.2d 968 (1940). But the law prefers a construction of a will favorable to testacy where the instrument will admit of such a construction. Tsirikos v. Hatton, 61 Nev. 78, 116 P.2d 189 (1941); Soady v. First National Bank, 82 Nev. 97, 411 P.2d 482 (1966); In re Moody's Estate, 257 P.2d 709 (Cal.Dist.Ct.App. 1953).

3.  NRS 133.090 does not specify what "date" the will must bear, whether the date it was signed or some other, but simply that it be "written, dated and signed by the hand of the testator himself." That statutory wording is nearly identical to Calif. Probate Code § 53, and both of these statutes are descendants from the Code Napoleon § 970, which read: "An holographic testament shall not be valid, unless it be written entirely, dated and signed by the testator with his own hand: it is subjected to no other form." [2 Page on the Law of Wills, § 20.2, at 281, n. 1 (Bowe-Parker Rev. 1960).]

4.  As the French interpreted the Code Napoleon, the date must be the exact day, month, and year in which the will was drawn. 5 Calif.L.Rev. 266, 267 (1917). American courts have

not gone so far. Montana, which follows a substantial compliance rule, has held that the day of the month is not necessary to have a validly "dated" holographic will. In re. Irvine's Estate, 139 P.2d 489 (Mont. 1943). California, on the other hand, which requires strict compliance with the requirement as to handwriting, date and signature, has held that the date must be complete. In re Vances' Estate, 162 P. 103 (Cal. 1916). Utah is in accord, In re Love's Estate, 285 P. 299 (Utah 1930), as is Louisiana, Succession of Bendily, 132 So.2d 693 (La.Ct. App. 1961).

5.  Notwithstanding the strictness with which California interprets its holographic will statute, its Supreme Court held such a will could be probated even though the year was obviously erroneous. In In re Fay's Estate, 78 P. 340 (Cal. 1904), it was stated: "An olographic will must be dated for the reason that the Legislature has said so, but we do not think it would be a sound rule to hold that any mistake or error in the date would invalidate the will. It will be presumed that the date given is the true date. We apprehend that cases will rarely occur in which this is not so. If it becomes necessary in any case upon a question as to the sanity of the testator or probably other questions, the true time at which the will was made may be inquired into; but we hold that simply showing that an olographic will was made at a time different from that written therein will not invalidate it. The date is not the material thing, although made necessary by the statute. It is a means of identification, and aids in determining the authenticity of the will; but the main and essential thing is that the will be wholly written and signed by the hand of the testator." 78 P. at 341. Accord, In re Vance's Estate, 162 P. 103 (Cal. 1916). See particularly In re Clisby's Estate, 78 P. 964 (Cal. 1904), a case closely in point with the issue here.

6.  We hold a bare factual showing that the date on a holograhic will which is admittedly different from the date it was executed is not sufficient as a matter of law to preclude its petition for probate. We believe many factual issues remain which must be resolved at a trial. Under those circumstances summary judgment is not proper. Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963).

7.  Respondent relies solely upon two cases to support her position. They are: Succession of Bendily, 132 So.2d 693 (La. Ct.App. 1961), and Succession of Buck, 23 So.2d 215 (La.

1945). *Succession of Bendily* suggests the date is unimportant so long as some complete date is given. The date found on the will in that case was so unclear that the court could not be certain what date was written. In *Succession of Buck,* the court was again faced with a date that could not be made out because of the handwriting. Furthermore, the court found that the testator could not have written the will himself at any time near the date claimed by the petitioner to be the date the will was written. We do not feel either case controls the limited issue presented here.

Summary judgment in favor of respondent is reversed and the cause remanded for further proceedings.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.