BOLIN, Judge.
Emma D. Wiggins, legatee under a purported olographic will of Pony Marshall Greer, deceased, appeals from a default judgment in favor of the forced heirs invalidating the will. We find no error in the ruling of the lower court.
Following Mr. Greer’s death a purported testament was discovered in which Mr. Greer sought to leave a child’s part of his estate to Lille Emma D. Collins, now Emma D. Wiggins. Mrs. Wiggins, who apparently had been reared by the testator, was the daughter of the sister of Mr. Greer’s second wife and therefore not a forced heir.
The will being dated “April 49, 1943”, the sole issue is whether this date is uncertain so as to render the purported testament null and void.
*47 Appellant contends that because there are no other competing wills, the exact date of the olographic will should not be sacramental and that it is enough that we know it was dated in April 1943.
Article 1588 of the Louisiana Civil Code provides:
“The olographic testament is that which is written by the testator himself.
“In order to be valid, it must be entirely written, dated and signed by the hand of the testator. It is subject to no other form, and may be made anywhere, even out of the State.”
An olographic will must be dated by the hand of the testator in order to be valid and that date must be certain and beyond speculation. Heffner v. Heffner, 48 La.Ann. 1088, 20 So. 281 (1896); Succession of Beird, 145 La. 756, 82 So. 881 (1919); Succession of Koerkel, 174 So.2d 213 (La.App. 1st Cir. 1965).
If there is an omission of the day, month, or year, or if the figures used to express the date are not clear or are arranged so as to leave room for doubt as to the exact date the testator intended to write, the olographic will is void. Succession of Kron, 172 La. 666, 135 So. 19 (1931); Succession of Sarrazin, 223 La. 286, 65 So.2d 602 (1953); Succession of Koerkel, supra.
The above rule has been strictly applied by the courts to wills olographic in form. Certainty as to the month and year alone has been held insufficient to support the validity of such a will.
In Heffner, supra, the court held an olo-graphic will to be invalid that was dated “on this-day of June, 1893.” Later the court in Succession of Sarrazin, supra, found that “June 1944” was an insufficient date on an olographic will.
We find the date intended by the testator herein is uncertain, and the will is invalid.
For the above reasons, judgment is affirmed at appellant’s cost.